**FILED**

OCT 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thomas W. Rigby
D.C. Bar No. 463532, VSB No. 34663
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
 Tel. (202) 619-1610

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **U.S. SMALL BUSINESS ADMINISTRATION,** as Receiver for Acorn Technology Fund, L.P.,<br><br>**Plaintiff,**<br><br><br>v.<br><br><br>**SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP; RICHARD J. PINTO; MARSHA L. NOVICK; JOHN B. TORKELSEN; RICHARD D. PROPPER; LEIF TORKELSEN; R. WOOD TATE; CHRISTINE SWEENEY; ACORN TECHNOLOGY PARTNERS, LLC; PRINCETON TECHNOLOGY MANAGEMENT, LLC; ACORN CONNECTICUT INVESTMENTS, LP; DANIEL P. BEHARRY**<br>**Defendants.** | CASE NUMBER  1:06MS00471<br><br>JUDGE: Emmet G. Sullivan<br><br>DECK TYPE: Miscellanous<br><br>DATE STAMP: 10/27/2006<br><br>the Eastern District of **Pennsylvania (Judge Giles)**<br><br>**MOTION FOR STAY OF SUBPOENA AND DEFERRAL TO TRIAL COURT** |

------------------------------------------------------------

## MOTION FOR STAY, PROTECTIVE ORDER AND DEFERRAL AGAINST ENFORCEMENT OF SUBPOENAS

The United States Small Business Administration, in its capacity as a federal

agency ("SBA"), through its undersigned counsel,[1] hereby moves this Court for a Stay,

---

[1] The appearance of the undersigned is pursuant to Local Rule 83.2(e). The U.S. Department of Justice is aware and has agreed that the undersigned may pursue this motion on behalf of SBA.

Protective Order and Deferral under the Federal Rules of Civil Procedure, Rules 26(c)

and 45 to prevent enforcement of deposition subpoenas against current and former

employees of SBA pending resolution of a Motion for Protective Order under Rule 26(c)

filed or to be filed by SBA in the trial court hosting the underlying litigation, the United

States District Court for the Eastern District of Pennsylvania, in the matter of SBA v.

Smith Stratton, et al., C.A. No. 05-190 (Judge Giles) (the "Receivership Tort Case").

SBA is filing this Motion pursuant to In re Sealed Case, 141 FED.3d 337 (D.C. Cir.

1998). Under that authority, SBA moves this Court to grant a stay and defer to the trial

court's resolution of the underlying discovery issues. Id., at 342. The undersigned

counsel has been unable to reach agreement with counsel for the Defendants about these

subpoenas despite efforts on both sides.

## STATEMENT OF POINTS AND AUTHORITIES

### I.    BACKGROUND

There are number of civil matters[2] relating to a licensee of SBA[3] known as Acorn

Technology Fund, L.P. ("Acorn"), and its former management. The United States

obtained permanent injunctions against certain former managers in U.S. v. Torkelsen, et

al., C.A. No. 03-0060 (E.D. Pa.) (Judge Giles). The SBA obtained a receivership of

Acorn under 15 U.S.C. § 687c in United States v. Acorn Tech. Fund, L.P., C.A. No. 03-

0070 (E.D. Pa.) (Judge Giles). The Receiver has filed litigation actions against a number

of investors of Acorn, all in the U.S. District Court for the Eastern District of

Pennsylvania, and all before Judge Giles: Case No. Receiver v. Chimicles, Case No. 03-

5987; Receiver v. the Barracks, Case No. 03-5992; Receiver v. Propper, et al., Case No.

---

[2] There are two criminal matters in this Court related to Acorn: United States v. John Torkelsen, Criminal No. 05-336 (Judge Walton) (case concluded); United States v. Pamela Torkelsen, Criminal No. 04-530 (Judge Walton) (pending).

[3] Acorn is a licensee of SBA under the Small Business Act of 1958, as amended, 15 U.S.C. § 661, et seq.

03-5982; <u>Receiver v. Torricelli</u>, Case No. 03-5986; and <u>Receiver v. Pamela Torkelsen</u>,

Case No. 03-5993 (concluded). All of these cases involve Acorn, and Judge Giles has

ruled on numerous discovery issues concerning these various matters.

The Receivership Tort Case is another "Acorn" case. It is litigation brought by

SBA in its capacity as the Receiver[4] of Acorn to enforce various tort claims of a private

entity, Acorn Technology Fund, L.P. It is also before Judge Giles.

Certain Defendants issued deposition subpoenas from this Court to current and

former employees of SBA (the agency, as opposed to the Receiver). SBA has not agreed

that service was effective. Copies of the subpoenas to current employees William

Malloy, Mark Mead, Thomas Morris and Johnny Kitts; and former employees Walter

Peterson and Charles Sjoquist, are attached as **Exhibit 1**. SBA is representing its current

and former employees named in those subpoenas.

SBA invoked its "Touhy"[5] regulations under 13 C.F.R. §102.10 for the subpoenas

to current SBA employees. SBA has disapproved compliance with all but two. Attached

as **Exhibit 2** is a copy of SBA's Motion for Protective Order that it is filing in the

Receivership Tort Case. It outlines the substance of SBA's decision and its arguments.[6]

SBA will also represent former employees with respect to depositions concerning

their former employment. Testimony of current and former SBA employees, other than

the limited testimony SBA is willing to allow, is not relevant enough to overcome the

---

[4] Hence why subpoenas were issued. SBA and its employees are non-parties to the underlying litigation.

[5] See <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

[6] In addition to its Touhy and other arguments, SBA argues that it is entitled to a protective order against enforcement of the subpoenas because they violate Rule 45(a)(2)(B). The Smith Stratton Defendants cannot issue a subpoena from this Court to take a deposition in another district. See <u>Highland Tank & Mfg. Co. v. PS Int'l, Inc.</u>, 227 F.R.D. 374 (M.D. Pa. 2005). Maryland and the District of Columbia are different districts. <u>Compare</u> 28 U.S.C. § 100 (Maryland) <u>with</u> 28 U.S.C. § 88 (District of Columbia).

3

annoyance, embarrassment, oppression, or undue burden or expense of SBA and the deponents. See **Exhibit 2** for SBA's arguments on those points, too.

## II.    ARGUMENT

SBA is entitled to seek a stay and protective order under In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998). SBA is entitled to seek a protective order that the discovery sought by the Defendants not be had, and it is entitled to seek that relief in the court of the underlying litigation, i.e., the U.S. District Court for the Eastern District of Pennsylvania, C.A. No. 05-190. FED. R. Civ. P. 26(c). SBA is also entitled to seek a protective order in this Court. FED. R. Civ. P. 45.

Under the Court's reasoning in In re Sealed Case, this Court should grant the stay and protective order: "Rule 26(c) permits that [subpoena-issuing] court to stay its proceedings on a nonparty deponent's motion for a protective order pending action by the trial court, and to defer to the trial court's resolution of that motion." 141 F.3d at 342. SBA is willing to have the issue of scope of discovery decided by the trial judge (Judge Giles) in the Receivership Tort Litigation, C.A. No. 05-190.

In addition to SBA's willingness to have this matter decided by the trial court, Judge Giles is well positioned to make resolve these issues. Judge Giles has already issued a decision in the Receivership Tort Litigation that deals directly with the relevance of SBA to the case. See U.S. Small Bus. Admin. v. Smith Stratton et al., 2006 WL 237511 (E.D. Pa. 2006) (striking affirmative defenses of the Smith Stratton Defendants relating to SBA). SBA respectfully suggests that these circumstances are exactly what In re Sealed Case meant to address and that a Motion for Stay and Protective Order are appropriate in this case. In sum, SBA has decided to "tak[e] the bait and move for a protective order in the trial court..." and is entitled to the relief sought. Id.

4

**III.    CONCLUSION**

SBA wishes to avail itself of the protections and mechanisms of Rules 26(c) and 45 as identified in <u>In re Sealed Case</u>, 141 F.3d 337 (D.C. Cir. 1998).  SBA respectfully requests that the Court stay its proceedings and defer to the trial court for resolution of the relevant discovery issues in the underlying litigation pending before Judge Giles in the U.S. District Court for the Eastern District of Pennsylvania, C.A. No. 05-190.

Respectfully submitted this 27th day of October, 2006.

United States Small Business Administration

By: _____
Thomas W. Rigby
D.C. Bar No. 463532, VSB No. 34663
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C.  20416
(202) 619-1610

Attorney for SBA

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing document and attached proposed Order to be served by United States First Class Mail, postage prepaid, upon all counsel of record in the trial court matter, C.A. No-190 (which also includes counsel who issued the subpoenas), and unrepresented parties at the addresses listed:

Robert Mintz, Esq.
Alitia Stockwell, Esq.
Steven A. Beckelman, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

BY: _____

## Issued by the
# UNITED STATES DISTRICT COURT

_____ **DISTRICT OF** _____ COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.
<br>                    Plaintiffs
<br>                    v.
<br>Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
<br>                    Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) —
Related Case No. 03-0070 (JTG)

received
<br>10.06.06
<br>FILED
<br>OCT 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TO:    William H. Malloy
<br>       Small Business Administration
<br>       409 3rd Street, S.W.
<br>       Washington, D.C. 20416-0001

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.  The deposition shall be recorded by stenographic means.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | October 30, 2006 at 12:00 p.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
<br>McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
<br>(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[*] If action is pending in district other than district of issuance, state district under case number

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                     DATE                                          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the
# UNITED STATES DISTRICT COURT

———————— DISTRICT OF ———————— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.
                Plaintiffs
                v.
Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
                Defendants

**SUBPOENA IN A CIVIL CASE**
Civil Action No. 05-0190 (JTG) --
Related Case No. 03-0070 (JTG)

received
10.06.06

TO:  Mark Mead
      Small Business Administration
      409 3rd Street, S.W.
      Washington, D.C. 20416-0001

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 10, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure
30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Attorney for Defendant (s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                              SIGNATURE OF SERVER

                                                    _____
                                                      ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

MR1\5863167 1

Issued by the
# UNITED STATES DISTRICT COURT

———————————— **DISTRICT OF** ———— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

Plaintiffs

v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

received
10.06.06

TO: Thomas Morris
Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416-0001

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |  |
|---|---|---|
|  | DATE AND TIME |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP, 300 E. Lombard Street, Baltimore, Maryland 21202-3219 | December 21, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| Steven A. Beckelman, Esq., Attorneys for Defendant(s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ME1\5863147.1

Issued by the
# UNITED STATES DISTRICT COURT

—————— DISTRICT OF —————— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

<div align="center">Plaintiffs</div>
<div align="center">v.</div>

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
<div align="center">Defendants</div>

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

received
10.06.06

TO:    Johnny A. Kitts
       Small Business Administration
       409 3rd Street, S.W.
       Washington, D.C. 20416-0001

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
     below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
     deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | October 30, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
     At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

<div align="center">(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)</div>

¹ If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Issued by the
# UNITED STATES DISTRICT COURT

---------- DISTRICT OF ---------- COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

                          Plaintiffs
                    v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
                          Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO:    Walter Peterson, Jr.
       1661B South Hayes Street
       Arlington, VA 22202

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
     below to testify in the above case.  The deposition shall be recorded by stenographic means.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
     deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 8, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
     At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>October 17, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF SERVER

                                                             _____
                                                             ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ME1\5870745.1

## Issued by the
# UNITED STATES DISTRICT COURT

——————— DISTRICT OF ——————— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

Plaintiffs

v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO:    Charles Sjoquist
       Small Business Administration
       409 3rd Street, S.W.
       Washington, D.C. 20416-0001

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.  The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 1, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| Steven A. Beckelman, Esq., Attorneys for Defendant (s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

U.S. SMALL BUSINESS ADMINISTRATION,    )
as Receiver for Acorn Technology Fund, L.P.,  )

                    )

               Plaintiff,     )

           v.         )

                    )

SMITH, STRATTON, WISE,         )
HEHER & BRENNAN, LLP, et al.,    )

                    )

              Defendants.   )

OCT 2 7 2006

**C.A. No. 05-190**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**(GILES, C.J.)**

**ORDER**

## PROTECTIVE ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of the

Motion for Protective Order Against Smith, Stratton, Wise, Heher & Brennan, LLP, Richard

Pinto and Marsha Novick (collectively, the "Smith Stratton Defendants") filed by non-party U.S.

Small Business Administration ("SBA") and the Smith Stratton Defendants' response thereto, if

any, it is hereby ORDERED that:

    1.     SBA's Motion for Protective Order is GRANTED.

    2.     SBA has invoked 13 C.F.R. § 102.10 and applicable case law to limit testimony

from current SBA employees. Other than the limited discovery from S. Mead and Thomas

Morris identified in this Protective Order, the deposition discovery sought from current and

former SBA employees shall not be had except by judgment in a civil action against SBA.

SBA's production of written documents has made deposition subpoenas directed to other SBA

employees unnecessary.

    3.     The Smith Stratton Defendants have failed to meet their burden under the Federal

Rules of Civil Procedure, Rule 26, to establish that their need for testimony outweighed the

burden upon SBA and the proposed deponents who are former SBA employees. Deposition

discovery sought from former SBA employees shall not be had

    4.    Furthermore, unless otherwise agreed in writing by SBA, the depositions of

Thomas G. Morris and S. Mark Mead may only be taken under the following protective

conditions and limitations: (a) the depositions are limited to a total of four hours each; (b) the

depositions shall be conducted on a single day in Washington, D.C. at a date and time mutually

convenient to the witnesses, SBA, the Smith Stratton Defendants and other parties in this

litigation.

    5.    In addition, Thomas G. Morris and S. Mark Mead may refuse to answer any

question or questions concerning any of the following: (a) matters that do not specifically

concern an allegation made in the Complaint filed in this civil action; (b) events occurring

outside of the time period January 1, 1995 through January 17, 2003; (c) information or

documents other than those which SBA received from, or transmitted to, a person or persons not

employed by the United States Government; (d) events that are not within their actual, personal

knowledge; (e) matters not within their respective scope of authority; (f) matters concerning any

unofficial or unpublished interpretations, discussions or thoughts about any SBA or other federal

policy, practice, regulation or statute; (g) matters concerning any internal deliberations within

SBA; (h) matters that are hypothetical or call for speculation; (i) matters involving civil or

criminal law enforcement issues of the U.S. Department of Justice, any of its offices or of SBA's

Office of Inspector General.

    5.    Nothing in this Order shall limit SBA and/or any deponents in asserting any

applicable privileges.

BY THE COURT:

_____

HON. JAMES T. GILES, CHIEF JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION,<br>as Receiver for Acorn Technology Fund, L.P., | ) )<br>) | C.A. No. 05-190 |
|  | ) |  |
| Plaintiff, | ) | (GILES, C.J.) |
| v. | ) ) | MOTION |
| SMITH, STRATTON, WISE,<br>HEHER & BRENNAN, LLP, et al., | ) )<br>) |  |
|  | ) |  |
| Defendants. | ) |  |

## SBA'S MOTION FOR PROTECTIVE ORDER

For the reasons set forth in the accompanying Memorandum of Law, which is incorporated by reference herein, Plaintiff, the U.S. Small Business Administration ("SBA") in its capacity as a federal regulatory agency and a non-party in this suit, by and through its undersigned attorneys, hereby respectfully moves this Court under Rule 26(c) of the Federal Rules of Civil Procedure, Davis Enterprises v. EPA, 977 F.2d 1181 (3rd Cir. 1989), cert. den., 493 U.S. 1070 (1990), and In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) to enter a Protective Order that discovery not be had from deposition subpoenas issued to current and former SBA employees by counsel for Smith Stratton, Wise, Heher & Brennan, LLP, Richard Pinto and Marsha Novick. After reasonable effort, counsel for SBA and counsel for the Defendants have been unable to resolve the dispute and reach agreement about limiting the scope and number of subpoenas directed to current and former SBA employees.

Respectfully submitted this 27th day of October, 2006.

PATRICK L. MEEHAN
United States Attorney

VIRGINIA A. GIBSON
Assistant United States Attorney

3

Chief, Civil Division

SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, suite 1250
Philadelphia, PA 19106
Telephone:  (215) 861-8310

By: _____
Thomas W. Rigby
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C.  20416
(202) 619-1610

Attorney for SBA

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing documents and an accompanying Memorandum of Law to be served by United States First Class Mail, postage prepaid, upon all counsel of record and unrepresented parties at the addresses listed:

Robert Mintz, Esq.
Alitia Stockwell, Esq.
Steven A. Beckelman, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

BY: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. SMALL BUSINESS ADMINISTRATION, )
as Receiver for Acorn Technology Fund, L.P., )
                                        )
                   Plaintiff, )
                                        )
                                        )
                   v. )
                                          )
                                        )
SMITH, STRATTON, WISE, )
HEHER & BRENNAN, LLP; )
RICHARD J. PINTO; MARSHA L. NOVICK; )
JOHN B. TORKELSEN; RICHARD D. PROPPER; )
LEIF TORKELSEN; R. WOOD TATE; )
CHRISTINE SWEENEY; )
ACORN TECHNOLOGY PARTNERS, LLC; )
PRINCETON TECHNOLOGY )
MANAGEMENT, LLC; )
ACORN CONNECTICUT INVESTMENTS, LP; )
DANIEL P. BEHARRY )
                                        )
                 Defendants. )

Misc. No. _____

Related Case No. 05-190
in the U.S. District Court for
the Eastern District of
Pennsylvania (Judge Giles)

[proposed] ORDER

-----------------------------------------------------------------

**ORDER STAYING PROCEEDINGS AND DEFERRING TO TRIAL COURT**

     AND NOW, this _____ day of _____, 2006, upon

consideration of the Motion for Stay, Protective Order and Deferral filed by the U.S.

Small Business Administration ("SBA") and the response thereto by Smith, Stratton,

Wise, Heher & Brennan, LLP, Richard Pinto and Marsha Novick (collectively, the

"Smith Stratton Defendants"), if any, it is hereby ORDERED that:

     1.     SBA's Motion for Stay, Protective Order and Deferral is GRANTED.

     2.     The Court hereby defers to the trial court in the underlying matter, the

U.S. District Court for the Eastern District of Pennsylvania, C.A. No. 05-190 (Judge

Giles), to resolve discovery issues concerning the subpoenas issued through this Court by

counsel for the Smith Stratton Defendants to S. Mark Mead, Thomas Morris, Johnny

Kitts, William Malloy, Walter Peterson and Charles Sjoquist.

    3.    This proceeding is stayed until further Order of the Court.


SO ORDERED.


DATED: _____    BY: _____
                       UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for Acorn Technology Fund, L.P., | ) ) ) | C.A. No. 05-190 |
| Plaintiff, | ) ) | (GILES, C.J.) |
| v. | ) ) | ORDER |
| SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP, et al., | ) ) ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of the

Motion for Protective Order Against Smith, Stratton, Wise, Heher & Brennan, LLP, Richard

Pinto and Marsha Novick (collectively, the "Smith Stratton Defendants") filed by non-party U.S.

Small Business Administration ("SBA") and the Smith Stratton Defendants' response thereto, if

any, it is hereby ORDERED that:

1.     SBA's Motion for Protective Order is GRANTED.

2.     SBA has invoked 13 C.F.R. § 102.10 and applicable case law to limit testimony

from current SBA employees.  Other than the limited discovery from S. Mead and Thomas

Morris identified in this Protective Order, the deposition discovery sought from current and

former SBA employees shall not be had except by judgment in a civil action against SBA.

SBA's production of written documents has made deposition subpoenas directed to other SBA

employees unnecessary.

3.     The Smith Stratton Defendants have failed to meet their burden under the Federal

Rules of Civil Procedure, Rule 26, to establish that their need for testimony outweighed the

burden upon SBA and the proposed deponents who are former SBA employees. Deposition discovery sought from former SBA employees shall not be had

4.      Furthermore, unless otherwise agreed in writing by SBA, the depositions of Thomas G. Morris and S. Mark Mead may only be taken under the following protective conditions and limitations: (a) the depositions are limited to a total of four hours each; (b) the depositions shall be conducted on a single day in Washington, D.C. at a date and time mutually convenient to the witnesses, SBA, the Smith Stratton Defendants and other parties in this litigation.

5.      In addition, Thomas G. Morris and S. Mark Mead may refuse to answer any question or questions concerning any of the following: (a) matters that do not specifically concern an allegation made in the Complaint filed in this civil action; (b) events occurring outside of the time period January 1, 1995 through January 17, 2003; (c) information or documents other than those which SBA received from, or transmitted to, a person or persons not employed by the United States Government; (d) events that are not within their actual, personal knowledge; (e) matters not within their respective scope of authority; (f) matters concerning any unofficial or unpublished interpretations, discussions or thoughts about any SBA or other federal policy, practice, regulation or statute; (g) matters concerning any internal deliberations within SBA; (h) matters that are hypothetical or call for speculation; (i) matters involving civil or criminal law enforcement issues of the U.S. Department of Justice, any of its offices or of SBA's Office of Inspector General.

5.      Nothing in this Order shall limit SBA and/or any deponents in asserting any applicable privileges.

BY THE COURT:

_____

HON. JAMES T. GILES, CHIEF JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for Acorn Technology Fund, L.P., | ) ) ) | C.A. No. 05-190 |
| Plaintiff, | ) ) | (GILES, C.J.) |
| v. | ) ) | MOTION |
| SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP, et al., | ) ) | |
| Defendants. | ) ) | |

-------------------------------------------------------------

### SBA'S MOTION FOR PROTECTIVE ORDER

For the reasons set forth in the accompanying Memorandum of Law, which is incorporated by reference herein, Plaintiff, the U.S. Small Business Administration ("SBA") in its capacity as a federal regulatory agency and a non-party in this suit, by and through its undersigned attorneys, hereby respectfully moves this Court under Rule 26(c) of the Federal Rules of Civil Procedure, Davis Enterprises v. EPA, 977 F.2d 1181 (3rd Cir. 1989), cert. den., 493 U.S. 1070 (1990), and In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) to enter a Protective Order that discovery not be had from deposition subpoenas issued to current and former SBA employees by counsel for Smith Stratton, Wise, Heher & Brennan, LLP, Richard Pinto and Marsha Novick. After reasonable effort, counsel for SBA and counsel for the Defendants have been unable to resolve the dispute and reach agreement about limiting the scope and number of subpoenas directed to current and former SBA employees.

Respectfully submitted this 27th day of October, 2006.

PATRICK L. MEEHAN
United States Attorney

VIRGINIA A. GIBSON
Assistant United States Attorney

3

Chief, Civil Division

_____

SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, suite 1250
Philadelphia, PA 19106
Telephone: (215) 861-8310



By: _____
Thomas W. Rigby
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
(202) 619-1610

Attorney for SBA

4

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing documents and an accompanying Memorandum of Law to be served by United States First Class Mail, postage prepaid, upon all counsel of record and unrepresented parties at the addresses listed:

Robert Mintz, Esq.
Alitia Stockwell, Esq.
Steven A. Beckelman, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA  19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

BY: _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION,<br>as Receiver for Acorn Technology Fund, L.P., | ) )<br>) | C.A. No. 05-190 |
| Plaintiff, | )<br>) | (GILES, C.J.) |
| v. | )<br>) | MEMORANDUM |
| SMITH, STRATTON, WISE,<br>HEHER & BRENNAN, LLP, et al., | ) )<br>) | |
| Defendants. | )<br>) | |

---

## MEMORANDUM IN SUPPORT OF SBA'S
## MOTION FOR PROTECTIVE ORDER

The United States Small Business Administration, in its capacity as a federal regulatory agency ("SBA"), through its counsel,[1] hereby moves this Court for a Protective Order for certain deposition subpoenas issued to current and former SBA employees by counsel for Defendants Smith, Stratton, Wise, here & Brennan, LLP, Marsha Novick and Richard Pinto (the "Smith Stratton Defendants"). SBA's request for relief is made under Rule 26(c) of the Federal Rules of Civil Procedure, Davis Enterprises v. EPA, 977 F.2d 1181 (3rd Cir. 1989), cert. den., 493 U.S. 1070 (1990), and

---

[1] One of the undersigned, Thomas Rigby, of SBA, previously made an appearance in this matter on behalf of SBA in its capacity as Receiver. His appearance on behalf of SBA in its separate capacity as a federal regulatory agency is appropriate, as well, as there is nothing improper in SBA having "to carry water on at least two shoulders." Nevada v. United States, 463 U.S. 110, 128 (1983). These circumstances are merely reflective of "the nature of a democratic government that is charged with more than one responsibility; it does not describe conduct that would deprive the United States of the authority to conduct litigation on behalf of diverse interests." Id., at 135.

In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) for a Protective Order that discovery
not be had.

Justice Holmes stated that people must turn square corners, when they deal with
the government.[2] They cannot blame the government for their own failures. This Court
has already ruled that the Defendants cannot use a "blame it on SBA" defense against the
Receiver. The Complaint in this matter alleges violations of SBA regulations. Those
regulations require *written* submissions and require prior *written* approvals. SBA has
produced to Defendants all such written documents. Whether those "square corners"
were turned - or not - is a matter of written record in that production to the Defendants.

Now, those same Defendants are seeking a proliferation of depositions of current
and former SBA employees. SBA has decided that it will agree, under its "Touhy"
regulation of 13 C.F.R. § 102.10, to allow limited depositions of two of its employees. In
light of these circumstances, SBA has decided that the minimal relevance of any other
deposition testimony from SBA personnel about who said what to whom is outweighed
by the burden of the diversion of time, effort and resources of SBA.

SBA identified its Touhy regulations and communicated its position to the Smith
Stratton Defendants. SBA has offered to work with the Defendants on stipulations
concerning authenticity and has also offered affidavits. SBA has offered depositions of
two SBA employees on relevant matters. SBA's decision not to agree to a proliferation
of other depositions is neither arbitrary nor capricious, but rather rests on an appropriate
legal basis under 13 C.F.R. § 102.10. For those depositions that SBA has approved to go
forward (Messrs. Mead and Morris), SBA respectfully requests that they be limited in
time and scope under a protective order under Rule 26(c). The undersigned certifies that

---

[2] Rock Island A & L.R. Co. v. United States, 254 U.S. 141, 142 (1920).

2

SBA has been unable to come to agreement with the Smith Stratton Defendants on these issues.

## I.    PROCEDURAL POSTURE

SBA is entitled to file a motion for a protective order in this Court under Rule 26(c) that the discovery sought not be had, and has done so with this Motion. SBA is also entitled to file for a motion for stay and protective order in the issuing Court of the subpoenas so that this Court can resolve these issues completely. In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998). SBA is doing so in the U.S. District Court for the District of Columbia and is also examining its options in the other issuing Courts. A copy of SBA's motion in the District of Columbia (without exhibits), is attached as **Exhibit A.**

SBA has exercised its discretion to invoke its "Touhy" regulation under 13 C.F.R. § 102.10 with respect to deposition subpoenas to current SBA employees. See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). To enforce those subpoenas, Defendants would have to file a law suit and obtain a judgment against SBA, as in the case of Davis Enterprises v. EPA, 977 F.2d 1181 (3rd Cir. 1989), cert. den., 493 U.S. 1070 (1990). Nevertheless, SBA also has the right under Rule 26(c) to move this Court for a protective order. In addition, as a practical matter, it is certainly an annoyance and distraction to SBA employees to be named in subpoenas and not have these issues fully resolved.

In this Memorandum, SBA has outlined its basis for disapproving those subpoenas under SBA's authority under Touhy to "promulgate regulations which grant the agency discretion to determine whether to comply with subpoenas or requests for employee testimony in private litigation." Davis Enterprises, at 1184. SBA's invocation

3

of its Touhy regulations makes such subpoenas futile unless and until the Smith Stratton

Defendants obtain a judgment against SBA.  SBA also seeks the protections in the

proposed Protective Order for limited depositions of Mark Mead and Thomas Morris.

SBA has not invoked regulations against deposition subpoenas directed to former

SBA employees and takes no position on applicability thereto.  SBA is representing those

former employees with respect to their former employment in this matter and seeks a

protective order that discovery not be had through those subpoenas under Rule 26(c).  In

the alternative, in the event the Court decides to allow depositions of former employees

to proceed, SBA respectfully requests that they be limited under the same protective

conditions sought for the Mead and Morris Depositions.

## II.    FACTS

### A.    Subpoenas Are Defective

The subpoenas, as issued, are facially defective.  The subpoena purportedly issued

to Ruth Phillips (a current SBA employee) states that it was issued from the United States

District Court for the "District of New York."  See **Exhibit B**.   No such District Court

exists.  28 U.S.C. § 112.[3]   In addition, the Ruth Phillips subpoena, as well as all of the

subpoenas issued from the United States District Court for the District of Columbia,

direct that deposition testimony be taken in Baltimore, Maryland (See also **Exhibit E**,

below).

Rule 45(a)(2) is clear that: "A subpoena must issue as follows...(B) for

attendance at a deposition, from the court *where* the deposition *is to be taken*..."

---

[3] Thus, there is no court in which to file a motion to quash under Rule 45.

4

(emphasis added). Those subpoenas are facially defective and unenforceable. See

Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374, 380 (W.D. Pa. 2005)

(reciting express language of Rule 45 and giving example that deposition subpoena must

issue from the District Court where the deposition is to be taken). SBA requests that the

Court grant a protective order that the discovery under defective subpoenas not be taken.

**B.     SBA Has Fully and Properly Responded to Legitimate Discovery
         Requests**

   **1.    SBA Has Already Produced All Relevant Documents**

Last May, attorneys for the Smith Stratton Defendants served SBA with a non-

party subpoena[4] for production of SBA federal regulatory documents. SBA served its

response and objections, and then made its production on June 30, 2006, which it has

supplemented, as appropriate. A copy of the cover letter for that production is attached

as **Exhibit C**.[5]

Thereafter, there ensued an exchange of correspondence, which included a

conflict of interest issue between SBA and McCarter & English (the attorneys for the

Smith Stratton Defendants), as well as SBA's production of a privilege log and additional

documents. The U.S. Department of Justice also weighed in on issues of privilege.

Copies of SBA's correspondence and the DOJ letter are attached as **Exhibit D** (without

internal, sub-attachments). Other than supplementation, as appropriate, the production is

complete. SBA produced all written submissions to SBA, and prior written approvals by

SBA, that concern Acorn.

---

[4] The Smith Stratton Defendants have correctly recognized that SBA, in its capacity as a federal regulatory agency, is not itself a party to this litigation.

[5] SBA has also produced documents and a privilege log to attorneys for Defendants Propper, Beharry and ACI, while reserving objections to the manner in which the document request was made to SBA.

## 2.   Despite Full Document Production, the Smith Stratton Defendants Sent SBA Subpoenas for Deposition Testimony

On October 6, 2006, SBA received in its Visitors Center at its Headquarters in Washington, D.C. copies of new subpoenas from the Smith Stratton Defendants for depositions of the following current SBA employees: William H. Malloy, S. Mark Mead, Thomas G. Morris and Johnny Kitts.  SBA also received a copy by letter of a subpoena to Walter Peterson, Jr., a former SBA employee.  Copies of the subpoenas are attached as **Exhibit E**.

SBA also learned by facsimile transmission that the Smith Stratton Defendants were purporting to have issued subpoenas to the following additional persons:

(1)   Current SBA employees: Ruth Phillips and Mitchell Greenberg (both addressed in New York City);

(2)   Former SBA employees: Ronald Cibolski (addressed to his home in Florida), Charles Sjoquist (addressed to SBA in Washington, D.C.);

(3)   Lawrence Bill (addressed to him at SBA's Headquarters in Washington, D.C., but who has never been an SBA employee).

Copies of those subpoenas are also part of **Exhibit E** (other than Ruth Phillips, see Exhibit B).

Thus, there may be subpoenas for 10 or more depositions – some for multiple days each - of current or former SBA employees.  SBA litigation counsel plan to represent current and former SBA employees, other than Michael Wyatt,[6] in order to

---

[6] In addition, the Smith Stratton Defendants have also issued a deposition notice of Michael Wyatt, as a party to the instant matter, not by subpoena to SBA.  Mr. Wyatt is a former SBA employee who left SBA before the relevant time period in this action.  Mr. Wyatt's deposition was taken on October 19, 2006.  Mr. Wyatt is not being sought as a witness with respect to anything he did while at SBA.  He is already represented by counsel in this matter and SBA does not plan to represent him.

protect and defend confidential and privileged information of SBA obtained from that employment, as well as to protect SBA's rights under 13 C.F.R. § 102.10.

### 3.    SBA Responded and Objected to the New Subpoenas

None of the deposition subpoenas that SBA has seen set forth what testimony was being sought or why. The Smith Stratton Defendants did not contact SBA to explain the subpoenas. SBA promptly provided a written response with objections dated October 10, 2006, a copy of which is attached as **Exhibit F**. Among other things, SBA's letter notified the Smith Stratton Defendants that SBA has the right to limit testimony from its employees under 13 C.F.R. § 102.10. SBA made clear that such testimony was largely irrelevant due to regulatory requirements for written submissions and prior written approvals. SBA offered limited depositions of S. Mark Mead and Thomas Morris. SBA also requested additional information concerning the purpose of the proposed depositions so that SBA and the Smith Stratton Defendants could attempt to reach a mutually agreeable plan for addressing all of these issues. SBA also offered to discuss stipulations as a way to avoid the burdens of deposition.

Having received no response, written or otherwise, the undersigned contacted attorneys for the Smith Stratton Defendants by electronic mail on October 18, 2006 to attempt to resolve these issues, a copy of which is attached as **Exhibit G**. The Smith Stratton Defendants responded by letter dated October 24, 2006, a copy of which is attached as **Exhibit H**. That letter makes generalized statements about seeking "facts" about general allegations and unspecified defenses, cross claims and a third-party complaint in the case. The only actual material "facts" identified are "funding of Acorn"

and "its alleged lack of compliance with SBA regulations regarding SBICs."[7] Also

mentioned are the existence of conversations among unspecified SBA personnel and

some of the defendants in the litigation. The letter states that: "Accordingly, the

depositions could *conceivably* lead to admissible evidence..." (emphasis supplied). The

letter also states the Smith Stratton Defendants seek to avoid "surprise at trial" by taking

depositions of witnesses "you"[8] intend to introduce or rely upon. See **Exhibit H**, at p. 2.

SBA responded with its decision by letter dated October 27, 2006, a copy of

which is attached as **Exhibit I.**[9] SBA has already produced the documents that establish

the facts of SBA's funding of Acorn and issues of regulatory compliance. If there are

documents in SBA's production that record conversations with non-SBA persons

concerning Acorn, then SBA has already produced the official records on those matters.

Purely verbal conversations by definition are not writings. They do not, and cannot,

constitute written submissions or written approvals. SBA made explicit the importance

of that exact point in its letter of October 10, and the Smith Stratton Defendants simply

ignored it.

Whatever relevance those alleged conversations with SBA personnel have to the

litigation is marginal and speculative at best by their own admission. The Smith Stratton

Defendants try to rely on ordinary standards of relevance as between litigants and entirely

ignore SBA's explicit invocation of 13 C.F.R. § 102.10. Instead, they cite to general case

law on how and when to assert privileges. Id., at p. 1. Those cases have nothing to do

---

[7] The letter also discusses damages issues, but then refutes its own argument: they are entitled to
information about the amount of damages *Acorn* has claimed in the litigation, and they will be taking the
deposition of a Rule 30(b)(6) witness of *Acorn's Receiver* on that very issue. Since the SBA has agreed to
a separate, limited deposition of Mr. Morris, SBA is already satisfying that request in any event.

[8] The Smith Stratton Defendants have confused SBA with the Receiver.

[9] The undersigned also sent an electronic message on October 25th.

with an agency invoking its Touhy regulations, as here, and are inapposite under <u>Davis Enterprises</u>. As cited above, the fact that the testimony sought is relevant, or even that the agency's refusal would "hamper" their case, is <u>not</u> sufficient to overcome an agency's proper invocation of its Touhy regulations. <u>See</u> <u>Davis Enterprises,</u> at 1183.

SBA has offered stipulations and affidavits to the Smith Stratton Defendants. Those offers are sufficient to protect them from any "surprises" at trial. In the event that new facts emerge such that SBA would agree that personnel other than Messrs. Mead or Morris should be deposed, then SBA can address such a situation at that time. It is all pure speculation at this juncture and it is not arbitrary, capricious or an abuse of discretion by SBA to refuse to incur the burden of a proliferation of depositions based largely upon speculation.

SBA and the Smith Stratton Defendants have been unable to resolve these subpoenas and the issues they raise. Therefore, SBA has filed this Motion under the protections of Rule 26(c) of the Federal Rules of Civil Procedure in order to protect its authority under 13 C.F.R. § 102.10 and to protect it and its current and former employees from the annoyance, embarrassment, oppression, undue burden and expense of these depositions.

## C.    Defendants Cannot Attack SBA or SBA's Regulations

The Court has already held that the Smith Stratton Defendants cannot mount a defense by blaming SBA. <u>See</u> <u>U.S. Small Bus. Admin. v. Smith Stratton et al.,</u> 2006 WL 237511 (E.D. Pa. 2006). Therefore, it is not proper for any defendant to question current or former SBA employees about the quality of their work on the Acorn matter or seek speculation about what they could have, should have, or would have done differently.

9

Such questioning would only annoy, harass or embarrass them without a relevant basis to impose the burden of preparing for and attending a deposition.

The irrelevance of such questioning is confirmed by a simple fact: the *validity* of SBA's regulations is not at issue in this litigation. Having sought an SBA license and having agreed to be bound by SBA's regulations, Acorn cannot make a claim of invalidity, and neither can its former counsel (the Smith Stratton Defendants), managers or other participants in its affairs. The Defendants simply have no standing to attack SBA, its current or former employees or the validity of SBA's regulations. Since the relevant regulations require written submissions and prior written approvals, the *application* of those regulations to Acorn is shown by the documents themselves, not by questioning current or former SBA employees about their thoughts or deliberations or other matters internal to SBA. Those documents have been produced.

**D. There Is a Conflict of Interest Issue of SBA as a Former Client of McCarter & English that Narrows the Scope of the Subpoenas**

In addition to such issues as relevance, privilege, authority and other appropriate considerations identified in SBA's October 10th letter, these subpoenas also raise ethical considerations. SBA is entitled to the protections of a former client of McCarter & English due to prior legal work performed for SBA by a current attorney at McCarter & English that involved the SBIC program, licensing and confidential and privileged matters. McCarter & English has an active SBIC practice before the SBA regarding a number of other clients regulated by the SBA. McCarter & English has refused to engage in screening,[10] despite one of its attorneys possessing privileged and confidential information about the SBIC program, especially with respect to licensing. See **Exhibit**

---

[10] Rules of Professional Conduct, Rules 1.9 and 1.10 (for both New Jersey and Pennsylvania).

**D.** SBA therefore has an additional appropriate legal basis, beyond just the Acorn matter, for seeking protection against any unnecessary or inappropriate inquiry into SBA practices and procedures concerning SBICs such as Acorn.

    **E.**    **SBA Decided to Disapprove Depositions Other Than Mead and Morris**

    SBA's regulations allow SBA to disapprove compliance with subpoenas "…on an appropriate legal basis, such as privilege or a statute." 13 C.F.R. § 102.10. An appropriate legal basis includes any basis that SBA can assert under Rules 26(c) and 45 of the Federal Rules of Civil Procedure to protect SBA and its employees from annoyance, embarrassment, oppression, or undue burden or expense. Having reviewed the facts and circumstances of this matter, SBA weighed the legal factors in the context of those rules and its own regulations against the burden to SBA with respect to these subpoenas: relevance of possible testimony to the allegations in this matter; prior rulings of this Court in this matter regarding SBA; SBA's document production to the Defendants of all written submissions; protection of SBA's confidences and privileges; relevant regulatory provisions and requirements of submissions and approvals to be in writing; authority of the current and former SBA employees with respect to SBA's activities during the relevant time period; use of current and former SBA employees as experts; relevance of internal SBA discussions, thoughts and interpretations to the litigation; burden, costs and drain on SBA resources to SBA in making its employees available for depositions; burdens, costs and drain on SBA resources to SBA in having to prepare for and defend depositions of its current and former employees; willingness of SBA to attempt to resolve issues of document authenticity through stipulation and affidavit; availability to the Defendants of other methods or sources of discovery that are

more convenient, less burdensome or less expensive; actual and potential annoyance or embarrassment to current or former SBA employees in being deposed; the weighing of the burdens and expense of SBA against the likely benefits to the Defendants; SBA's interests in making its current employees available for depositions in this matter; SBA's interest in having its former employees deposed in this matter; and the cumulative impact that such allowance may have on SBA and its resources.

After review and weighing of these factors under Rules 26(c) and 45 and rationally connecting the facts to the law, SBA has determined that it has an appropriate legal basis under 13 C.F.R. § 102.10 and applicable rules, statutes and privileges to disapprove depositions of current SBA personnel beyond limited depositions of Messrs. Mead and Morris as provided in the proposed Protective Order submitted herewith. SBA also believes that depositions of former SBA employees are unwarranted by the same reasoning and such discovery should not be had.

## III.    LEGAL STANDARDS OF REVIEW

With respect to current SBA employees, SBA's regulations at 13 C.F.R. § 102.10 are valid under United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). To enforce those subpoenas, the Smith Stratton Defendants would have to file a law suit and establish that SBA's decision applying those regulations was "arbitrary, capricious, or an abuse of discretion...and whether it was rationally connected to the facts and in accordance with the law." Davis Enterprises, at 1186 (3rd Cir. 1989). The court held in that litigation may uphold SBA's disapproval even assuming doing so would hamper the Smith Stratton Defendants' defense in the litigation. Id., at 1183. Where, as here, the

regulation in question grants an agency "rather broad discretion," then the Court's "scope of review is 'severely limited.'" Id., at 1186 (internal citations omitted).

## IV.  ARGUMENT

### A.  SBA's Document Production Makes Testimony of Current and Former SBA Employees Irrelevant

Acorn, both as an applicant for an SBIC license and as a licensee, was bound by SBA's regulations. 13 C.F.R. § 107.40(c). Each SBIC applicant must submit its application to SBA in writing: "The license application [for an SBIC license] *must* be submitted *on* Form 415 together with a processing fee..." 13 C.F.R § 107.300 (emphasis added). That is a "square corner" that applicants must turn. See Rock Island, supra.

Among other things, the Receiver's complaint alleges violations of SBA's regulations due to quid pro quo agreements involving Defendants Propper, Beharry and/or ACI: 13 C.F.R. § 107.410 (Changes in Control of Licensee), 585 (Voluntary decrease in Licensee's Regulatory Capital), 730 (Conflicts of Interest), 740 (Portfolio Diversification/"overline" limitation) and 885 (Disposition of Assets). Each of these regulatory provisions specifically requires SBA's prior written approval for an exemption. In addition, for an exemption for a conflict of interest transaction, the SBIC must first publish notice of the transaction in an appropriate newspaper, furnish SBA with a copy of the published notice, and then SBA will publish same in the Federal Register. 13 C.F.R. § 107.730(g). These written requirements are all square corners that must be turned..

SBA's regulations also provide a general mechanism for SBICs to obtain an exemption from its regulations: 13 C.F.R. § 107.1920. An SBIC's application for an

exemption must be in writing because it must be filed with SBA and it must be accompanied by *evidence* to be considered by SBA in evaluating the exemption. Id.

SBA has produced to the Smith Stratton Defendants all written submissions to SBA, and all SBA prior written approvals.    All of the official, relevant records have therefore been produced.  It is not arbitrary, capricious, irrational, or an abuse of discretion to decide that whatever additional information the Smith Stratton Defendants might need can be satisfied by stipulation or affidavit. See Davis Enterprises, at 1187 ("It is important to note that EPA has not withheld relevant information as to the test results...and the EPA agreed to provide Erdman's testimony in the form of an affidavit").

**B.    Privilege Issues, Including Conflict**

Depositions of current and former SBA employees about their official duties necessarily implicate privileges of SBA.  The Smith Stratton Defendants have not yet stated specifically what information they seek about "alleged lack of [regulatory] compliance."  However, since they have all of the official, relevant, non-privileged documents, SBA can only surmise that they seek information about SBA's internal, deliberative decision making process concerning Acorn's regulatory compliance, a licensee of SBA.  Those internal matters are both privileged and irrelevant in this matter.

SBA's internal, deliberative decision making process is privileged because pre-decisional, deliberative and interpretative information and documents are protected under the deliberative process privilege. United States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993) (deliberative process privilege covers pre-decisional and deliberative communications and documents, staff interpretations, drafts, preliminary positions and draft litigation documents, among other things).  It was not arbitrary, capricious or an

14

abuse of discretion for SBA to disapprove subpoenas to current employees under C.F.R. § 102.10 when the information sought about "compliance" is privileged.

SBA's internal, deliberative decision making process concerning Acorn is irrelevant in this matter because the written record already produced shows what written submissions were made to SBA and what prior written approvals SBA granted, if any. Any other information about what individual current or former SBA employees could have, should have or would have done differently, or any opinions or interpretations that they could, should or would have made that are not in the written record, are all irrelevant. Id. ("Courts may not, however, rely on unpublished opinions of agency staff...`[V]iews of individual members of the [agency's] staff *are not legally germane.*'") (internal citations omitted and emphasis added). It was not arbitrary, capricious or an abuse of discretion for SBA to disapprove subpoenas to current employees under C.F.R. § 102.10 when the information sought is not relevant.

SBA has offered stipulations and affidavits to address any other concerns of the Smith Stratton Defendants, such as alleged conversations by SBA personnel with non-governmental persons or other Defendants in this case. Any such conversations are by definition not written submissions or written approvals, so they are largely irrelevant. It was not arbitrary, capricious or an abuse of discretion for SBA to disapprove subpoenas to current employees under C.F.R. § 102.10 when the information sought is largely irrelevant and can be addressed by less burdensome means, such as stipulations and affidavits.

The attorneys for the Smith Stratton Defendants, McCarter & English, are also caught between ethical rules governing conflicts. Christopher Davis, Esq., an attorney

15

currently at McCarter & English, provided professional legal services as a non-employee

to SBA concerning the SBA's SBIC program during the time period relevant in this

matter. To the extent that McCarter & English attorneys plan to question SBA

employees about SBA's policies and procedures concerning SBICs, especially with

respect to licensing, those circumstances fit within Rules 1.9 and 1.10 of both the New

Jersey and Pennsylvania Rules of Professional Conduct and require, among other things,

screening.

McCarter & English has refused to screen. It therefore cannot ask SBA

employees about SBA's policies and procedures. It is not arbitrary, capricious or an

abuse of discretion for SBA to disapprove subpoenas under 13 C.F.R. § 102.10 when

SBA may assert its rights under ethical rules governing former clients and imputation

concerning McCarter & English.

### C.    The Subpoenas Are Burdensome to SBA

The Smith Stratton Defendants have so far declined to inform SBA what specific

testimony they are seeking or why. It is somewhat difficult for SBA to gauge the full

extent of the burden that these subpoenas pose. See Davis Enterprises, supra. Therefore,

SBA makes the following general statement about burden, while reserving the right to

supplement with affidavits or other evidence if and when the Smith Stratton Defendants

disclose with specificity what testimony they are seeking and why:

SBA counsel has contacted each of the current SBA employees by e-mail and

telephone. In addition to case loads of official agency work, they have pressing end of

Fiscal Year 2006 matters, and beginning of Fiscal Year 2007 matters, that require extra

attention. Ruth Phillips and Mitchell Greenberg are SBA Examiners. They have already

scheduled examinations of SBICs, and will need to schedule additional examinations,

over the next several months. Those examinations require time and travel.

Preparing for and sitting for depositions will necessarily require time away from

their official duties – time that would otherwise be spent on other matters of agency

interest. All have stated that they will be inconvenienced by depositions that will

interfere with their official duties.

SBA counsel has had contact with the former SBA employees Ronald Cibolski,

Walter Peterson and Charles Sjoquist.[11] Each has agreed to have SBA counsel

representation regarding the proposed depositions to protect SBA's interests and

privileges. SBA would therefore have to expend time, effort and resources of its agency

counsel in preparing for and defending depositions of these former SBA employees, as

well. That would be time, effort and resources that SBA could use its counsel for other

important agency matters. In addition, Mr. Peterson has informed SBA's counsel that his

wife is battling cancer. The need for his attendance to her makes his attendance at a

deposition especially inconvenient.

The potential cumulative burden of allowing a proliferation of depositions

involving current and former SBA employees to go forward is a sound legal basis for

SBA to disapprove compliance with the subpoenas and is "within the penumbra of

reasonable judgmental decisions [SBA] may make." Davis Enterprises, at 1187.[12]

**D.    Similar Arguments Support SBA's Request for Protective Order**

---

[11] By telephone only in a call from Mr. Cibolski. SBA does not have his current e-mail or other address.

[12] It is important to note that the Davis Enterprise case involved a deposition of a single agency employee, whereas the Smith Stratton Defendants' multiple subpoenas can only be termed a proliferation.

In its review of the facts, circumstances, burdens, relevance, privilege issues and other issues identified herein, SBA decided that it would allow limited depositions to go forward of current SBA employees other than S. Mark Mead and Thomas Morris. Based upon the above factors, SBA decided that Messrs. Mead and Morris should be protected from questioning about: (a) matters that do not specifically concern an allegation made in the Complaint filed in this civil action; (b) events occurring outside of the time period January 1, 1995 through January 17, 2003; (c) information or documents other than those which SBA received from, or transmitted to, a person or persons not employed by the United States Government; (d) events that are not within their actual, personal knowledge; (e) matters not within their respective scope of authority; (f) matters concerning any unofficial or unpublished interpretations, discussions or thoughts about any SBA or other federal policy, practice, regulation or statute; (g) matters concerning any internal deliberations within SBA; (h) matters that are hypothetical or call for speculation; (i) matters involving civil or criminal law enforcement issues of the U.S. Department of Justice, any of its offices or of SBA's Office of Inspector General. See Farley, and Davis Enterprises, supra.

SBA also reserves the right to assert any applicable privileges, based upon the questions asked and circumstances of the deposition. SBA reserves the right to supplement its request for restrictions if and when the Smith Stratton Defendants disclose what testimony they are seeking and why.

**E.    Discovery from the Subpoenas to Former SBA Employees Should Not Be Had**

As explained above, SBA has already produced the written record relevant to this matter. The questioning of former SBA employees about irrelevant matters will be unduly burdensome to them and unduly burdensome to SBA, who would need to send counsel to protect privileges. In the alternative, in the event the Court decides to allow those other depositions to proceed, SBA respectfully requests that they be limited under the same conditions sought for the Mead and Morris Depositions.

## V.    CONCLUSION: SBA'S DECISION WAS NOT ARBITRARY, CAPRICIOUS OR AN ABUSE OF DISCRETION AND A PROTECTIVE ORDER SHOULD BE GRANTED

SBA received subpoenas and copies of subpoenas for deposition testimony of current and former SBA employees. SBA timely responded with its concerns, objections and requests for additional information. SBA properly invoked and cited to 13 C.F.R. § 102.10. SBA clearly stated its position that because SBA's regulations require written submissions and prior written approvals, deposition testimony from current and former SBA employees was not relevant. SBA offered to allow limited depositions of S. Mark Mead and Thomas Morris. SBA also offered to discuss stipulations and other mechanisms for addressing the concerns of the Smith Stratton Defendants. In sum, SBA acted rationally and applied the facts to the law and invited further discussion to resolve these issues. SBA was not arbitrary or capricious and did not abuse its discretion under the standards in <u>Davis Enterprises</u>. The Smith Stratton Defendants chose not to provide the additional information. SBA filed this motion to enforce its rights under 13 C.F.R. § 102.10 and the Federal Rules of Civil Procedure. SBA asks that the Court recognize by judicial notice that SBA has invoked those regulations and the legal standard by which it must be overcome.

SBA respectfully requests that its Motion for a Protective Order be GRANTED. In the alternative, in the event the Court decides to allow other depositions to proceed, SBA respectfully requests that they be limited under the same conditions sought for the Mead and Morris Depositions.

Respectfully submitted this 27th day of October, 2006.

PATRICK L. MEEHAN
United States Attorney

VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

_____
SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, suite 1250
Philadelphia, PA 19106
Telephone: (215) 861-8310

United States Small Business Administration

By: _____
Thomas W. Rigby, Esquire
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
(202) 619-1610

Attorney for SBA

# EXHIBIT A

Thomas W. Rigby
D.C. Bar No. 463532, VSB No. 34663
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
Tel. (202) 619-1610

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **U.S. SMALL BUSINESS ADMINISTRATION,** )<br>**as Receiver for Acorn Technology Fund, L.P.,** )<br> )<br>**Plaintiff,** )<br> )<br> )<br> )<br> )<br> )<br>**v.** )<br> )<br> )<br> )<br> )<br> )<br>SMITH, STRATTON, WISE, )<br>HEHER & BRENNAN, LLP; )<br>RICHARD J. PINTO; MARSHA L. NOVICK; )<br>JOHN B. TORKELSEN; RICHARD D. PROPPER; )<br>LEIF TORKELSEN; R. WOOD TATE; )<br>CHRISTINE SWEENEY; )<br>ACORN TECHNOLOGY PARTNERS, LLC; )<br>PRINCETON TECHNOLOGY )<br>MANAGEMENT, LLC; )<br>ACORN CONNECTICUT INVESTMENTS, LP; )<br>DANIEL P. BEHARRY )<br>**Defendants.** ) | **Misc. No.** _____<br><br>**Related Case No. 05-190<br>in the U.S. District Court for<br>the Eastern District of<br>Pennsylvania (Judge Giles)**<br><br>**MOTION FOR STAY OF<br>SUBPOENA AND<br>DEFERRAL TO TRIAL<br>COURT** |

-----------------------------------------------------------

## MOTION FOR STAY, PROTECTICE ORDER AND DEFERRAL
## AGAINST ENFORCEMENT OF SUBPOENAS

The United States Small Business Administration, in its capacity as a federal

agency ("SBA"), through its undersigned counsel,[1] hereby moves this Court for a Stay,

---

[1] The appearance of the undersigned is pursuant to Local Rule 83.2(e). The U.S. Department of Justice is aware and has agreed that the undersigned may pursue this motion on behalf of SBA.

Protective Order and Deferral under the Federal Rules of Civil Procedure, Rules 26(c) and 45 to prevent enforcement of deposition subpoenas against current and former employees of SBA pending resolution of a Motion for Protective Order under Rule 26(c) filed or to be filed by SBA in the trial court hosting the underlying litigation, the United States District Court for the Eastern District of Pennsylvania, in the matter of <u>SBA v. Smith Stratton, et al.</u>, C.A. No. 05-190 (Judge Giles) (the "Receivership Tort Case"). SBA is filing this Motion pursuant to <u>In re Sealed Case</u>, 141 FED.3d 337 (D.C. Cir. 1998). Under that authority, SBA moves this Court to grant a stay and defer to the trial court's resolution of the underlying discovery issues. <u>Id.</u>, at 342. The undersigned counsel has been unable to reach agreement with counsel for the Defendants about these subpoenas despite efforts on both sides.

## STATEMENT OF POINTS AND AUTHORITIES

### I.    BACKGROUND

There are number of civil matters[2] relating to a licensee of SBA[3] known as Acorn Technology Fund, L.P. ("Acorn"), and its former management. The United States obtained permanent injunctions against certain former managers in <u>U.S. v. Torkelsen, et al.</u>, C.A. No. 03-0060 (E.D. Pa.) (Judge Giles). The SBA obtained a receivership of Acorn under 15 U.S.C. § 687c in <u>United States v. Acorn Tech. Fund, L.P.</u>, C.A. No. 03-0070 (E.D. Pa.) (Judge Giles). The Receiver has filed litigation actions against a number of investors of Acorn, all in the U.S. District Court for the Eastern District of Pennsylvania, and all before Judge Giles: Case No. <u>Receiver v. Chimicles</u>, Case No. 03-5987; <u>Receiver v. the Barracks</u>, Case No. 03-5992;  <u>Receiver v. Propper, et al.</u>, Case No.

---

[2] There are two <u>criminal</u> matters in this Court related to Acorn: <u>United States v. John Torkelsen</u>, Criminal No. 05-336 (Judge Walton) (case concluded); <u>United States v. Pamela Torkelsen</u>, Criminal No. 04-530 (Judge Walton) (pending).

[3] Acorn is a licensee of SBA under the Small Business Act of 1958, as amended, 15 U.S.C. § 661, et seq.

03-5982; Receiver v. Torricelli, Case No. 03-5986; and Receiver v. Pamela Torkelsen, Case No. 03-5993 (concluded). All of these cases involve Acorn, and Judge Giles has ruled on numerous discovery issues concerning these various matters.

The Receivership Tort Case is another "Acorn" case. It is litigation brought by SBA in its capacity as the Receiver[4] of Acorn to enforce various tort claims of a private entity, Acorn Technology Fund, L.P. It is also before Judge Giles.

Certain Defendants issued deposition subpoenas from this Court to current and former employees of SBA (the agency, as opposed to the Receiver). SBA has not agreed that service was effective. Copies of the subpoenas to current employees William Malloy, Mark Mead, Thomas Morris and Johnny Kitts; and former employees Walter Peterson and Charles Sjoquist, are attached as **Exhibit 1**. SBA is representing its current and former employees named in those subpoenas.

SBA invoked its "Touhy"[5] regulations under 13 C.F.R. §102.10 for the subpoenas to current SBA employees. SBA has disapproved compliance with all but two. Attached as **Exhibit 2** is a copy of SBA's Motion for Protective Order that it is filing in the Receivership Tort Case. It outlines the substance of SBA's decision and its arguments.[6]

SBA will also represent former employees with respect to depositions concerning their former employment. Testimony of current and former SBA employees, other than the limited testimony SBA is willing to allow, is not relevant enough to overcome the

---

[4] Hence why subpoenas were issued. SBA and its employees are non-parties to the underlying litigation.

[5] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

[6] In addition to its Touhy and other arguments, SBA argues that it is entitled to a protective order against enforcement of the subpoenas because they violate Rule 45(a)(2)(B). The Smith Stratton Defendants cannot issue a subpoena from this Court to take a deposition in another district. See Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374 (M.D. Pa. 2005). Maryland and the District of Columbia are different districts. Compare 28 U.S.C. § 100 (Maryland) with 28 U.S.C. § 88 (District of Columbia).

annoyance, embarrassment, oppression, or undue burden or expense of SBA and the

deponents. See **Exhibit 2** for SBA's arguments on those points, too.

## II.    ARGUMENT

SBA is entitled to seek a stay and protective order under In re Sealed Case, 141

F.3d 337 (D.C. Cir. 1998). SBA is entitled to seek a protective order that the discovery

sought by the Defendants not be had, and it is entitled to seek that relief in the court of

the underlying litigation, i.e., the U.S. District Court for the Eastern District of

Pennsylvania, C.A. No. 05-190. FED. R. Civ. P. 26(c). SBA is also entitled to seek a

protective order in this Court. FED. R. Civ. P. 45.

Under the Court's reasoning in In re Sealed Case, this Court should grant the stay

and protective order: "Rule 26(c) permits that [subpoena-issuing] court to stay its

proceedings on a nonparty deponent's motion for a protective order pending action by the

trial court, and to defer to the trial court's resolution of that motion." 141 F.3d at 342.

SBA is willing to have the issue of scope of discovery decided by the trial judge (Judge

Giles) in the Receivership Tort Litigation, C.A. No. 05-190.

In addition to SBA's willingness to have this matter decided by the trial court,

Judge Giles is well positioned to make resolve these issues. Judge Giles has already

issued a decision in the Receivership Tort Litigation that deals directly with the relevance

of SBA to the case. See U.S. Small Bus. Admin. v. Smith Stratton et al., 2006 WL

237511 (E.D. Pa. 2006) (striking affirmative defenses of the Smith Stratton Defendants

relating to SBA). SBA respectfully suggests that these circumstances are exactly what In

re Sealed Case meant to address and that a Motion for Stay and Protective Order are

appropriate in this case. In sum, SBA has decided to "tak[e] the bait and move for a

protective order in the trial court..." and is entitled to the relief sought. Id.

## III.    CONCLUSION

SBA wishes to avail itself of the protections and mechanisms of Rules 26(c) and

45 as identified in In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998).  SBA respectfully

requests that the Court stay its proceedings and defer to the trial court for resolution of

the relevant discovery issues in the underlying litigation pending before Judge Giles in

the U.S. District Court for the Eastern District of Pennsylvania, C.A. No. 05-190.

Respectfully submitted this 27th day of October, 2006.

United States Small Business Administration

By: _____
Thomas W. Rigby
D.C. Bar No. 463532, VSB No. 34663
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C.  20416
(202) 619-1610

Attorney for SBA

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing document and attached proposed Order to be served by United States First Class Mail, postage prepaid, upon all counsel of record in the trial court matter, C.A. No-190 (which also includes counsel who issued the subpoenas), and unrepresented parties at the addresses listed:

Robert Mintz, Esq.
Alitia Stockwell, Esq.
Steven A. Beckelman, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

BY: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for Acorn Technology Fund, L.P., | ) ) ) | Misc. No. _____ |
| Plaintiff, | ) ) ) ) | Related Case No. 05-190 in the U.S. District Court for the Eastern District of Pennsylvania (Judge Giles) |
| v. | ) ) ) | [proposed] ORDER |
| SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP; RICHARD J. PINTO; MARSHA L. NOVICK; JOHN B. TORKELSEN; RICHARD D. PROPPER; LEIF TORKELSEN; R. WOOD TATE; CHRISTINE SWEENEY; ACORN TECHNOLOGY PARTNERS, LLC; PRINCETON TECHNOLOGY MANAGEMENT, LLC; ACORN CONNECTICUT INVESTMENTS, LP; DANIEL P. BEHARRY | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

----------------------------------------------------------------

### ORDER STAYING PROCEEDINGS AND DEFERRING TO TRIAL COURT

AND NOW, this _____ day of _____, 2006, upon

consideration of the Motion for Stay, Protective Order and Deferral filed by the U.S.

Small Business Administration ("SBA") and the response thereto by Smith, Stratton,

Wise, Heher & Brennan, LLP, Richard Pinto and Marsha Novick (collectively, the

"Smith Stratton Defendants"), if any, it is hereby ORDERED that:

1.    SBA's Motion for Stay, Protective Order and Deferral is GRANTED.

2.    The Court hereby defers to the trial court in the underlying matter, the

U.S. District Court for the Eastern District of Pennsylvania, C.A. No. 05-190 (Judge

Giles), to resolve discovery issues concerning the subpoenas issued through this Court by counsel for the Smith Stratton Defendants to S. Mark Mead, Thomas Morris, Johnny Kitts, William Malloy, Walter Peterson and Charles Sjoquist.

      3.    This proceeding is stayed until further Order of the Court.


SO ORDERED.


DATED: _____      BY: _____
                                        UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT B

**Issued by the**

# UNITED STATES DISTRICT COURT

──────── **DISTRICT OF** ──────── NEW YORK ────────

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

             Plaintiffs

               v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,

             Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO:   Ruth Phillips
      New York SBIC Examinations Office
      26 Federal Plaza Room 3402
      New York, NY 10278

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 9, 2006 at 2:00 p.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE AND TIME |
|---|---|
| Steven A. Beckelman Esq., Attorneys for Defendant(s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
 (973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

Person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

MEI\5863131.1

# EXHIBIT C

**FILE COPY**



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610
Fax (202) 481-5866

June 30, 2006

**VIA FEDERAL EXPRESS OVERNIGHT**

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:    C.A. No. 05-190 (E.D. Pa.) Production in Response to Subpoena to SBA Concerning
       Acorn Technology Fund, L.P. per agreement to extend deadline to June 30, 2006

Dear Mr. Mintz:

I did not receive a response from you regarding the scheduling of SBA's production of
documents at SBA's Headquarters per Ms. Salazar's subpoena to SBA.  For your
convenience, please find enclosed SBA's production in response to Ms. Salazar's
subpoena to SBA in the matter of SBA, as Receiver of Acorn Tech. Fund, L.P. v. Smith
Stratton, et al., C.A. No. 05-190 (E.D. Pa.) (Judge Giles):

1.    ACORN017, 06/29/06 [CD]

2.    ACORN018, 06/29/06 [CD]

3.    SOP 00 41 2 Records Management Program

4.    SOP 10 04 Processing Applications for SBIC Licenses

We are in the process of preparing a privilege log for these documents. Please note that SBA reserves the right to assert privileges over any privileged documents inadvertently produced, as well as the right to supplement this production, as appropriate. SBA also reserves all objections to the subpoena and to the use of these documents in this proceeding or any other proceeding or matter of any kind. Please do not hesitate to contact me at (202) 619-1610 with any questions. The foregoing is made without prejudice.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Alicia Bentley, Esq. (w/o encl.)
       Christopher McClintock, Esq. (w/o encl.)
       Courtesy copies to the attached list (w/o encl.)

Additional copies by U.S. Post (w/o encl.) to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Christopher Rooney, Esq.
Anne D. Peterson, Esq.
CARMODY & TORRANCE, LLP
195 Church Street
Post Office Box 1950
New Haven, Connecticut 06509-1950

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540



ACORN017

06/29/06

ACORN018

06/29/06



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

# SOP 00 41 2

# Produced in Response to Subpoena

# C.A. No. 05-190 (E.D. Pa.)

# June 30, 2006



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

# SOP 10 04

# Produced in Response to Subpoena

# C.A. No. 05-190 (E.D. Pa.)

# June 30, 2006

# EXHIBIT D



### UNITED STATES SMALL BUSINESS ADMINISTRATION
### 409 THIRD STREET, S.W.
### WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

June 23, 2006

**VIA U.S. POST & FACSIMILE (973) 624-7070**

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:    Subpoena to SBA Concerning Acorn Technology Fund, L.P.

Dear Mr. Mintz:

I am in receipt of your letter dated June 6, 2006. Please note that when I spoke with your colleague, Alitia Stockwell, on April 24th about Ms. Salazar's subpoena to SBA and a request for an extension of time to respond, Ms. Stockwell agreed that she would ask you to call me to discuss these very issues. I did not receive a call from you.

SBA's position regarding the subpoena is fairly simple. SBA fully intends to make reasonably diligent efforts in its production, as the subpoena requests. However, SBA, in its regulatory capacity, is not a party to the subject litigation, regardless of whether it has interests in the Acorn Receivership Estate. Many other persons and entities also have interests in the receivership, but they are not parties, either. Ms. Salazar obviously (and correctly) recognized that distinction, in that she issued a third-party subpoena to SBA under Rule 45, rather than relying on the discovery rules for parties.

Furthermore, the subject litigation does not involve claims of SBA. It involves claims of Acorn Technology Fund, brought by its receiver against former principals and attorneys of Acorn, including your clients. I am not aware of any claim by the Receiver in the litigation that your clients were attorneys representing SBA.

As you know, SBA was previously involved in discovery in the action against certain former principals of Acorn, U.S. v. Torkelsen, et al., C.A. No. 03-0060 (E.D. Pa.)(Judge Giles). That matter was based upon federal criminal mail fraud and bank fraud statutes. It involved a temporary restraining order, and ultimately preliminary and permanent

injunctions based upon fraud in the amount of $32 million. The subsequent liability for that fraud is up to $96 million. Please note that the complaint in the subject litigation by the Receiver does not contain any fraud counts, and it is SBA's understanding that the damages alleged are only ½ of $96 million.

Nevertheless, even though SBA does not believe all of the documents requested are relevant, as a compromise, SBA will agree to allow you access to the same pre-receivership documents of SBA that were produced by SBA in the fraud action. SBA will also produce any post-receivership approvals by SBA of conduct identified in the litigation. You will find that these documents, as well as documents that will be produced separately by the Receiver, will contain documents responsive to your requests, including your requests concerning SBA's guidelines and procedures for SBICs. Under the circumstances, that production will clearly meet the subpoena's requirement of reasonably diligent efforts.

However, SBA expressly reserves its objections to the use of those documents in this or any other proceeding or matter. For example, I do not believe that your broadly worded subpoena was intended to obtain non-public information about "SBA's state of mind" for other McCarter & English SBIC clients in other matters. Therefore, I do not expect that information or documents from this matter will be shared with, or appear in unrelated matters involving, other clients of McCarter & English before SBA.

Lastly, to the extent that you have questions about investigatory documents related to Acorn, please contact Alicia J. Bentley at the U.S. Department of Justice, tel. (202) 616-9854.

I think that after you have seen SBA's actual production of documents you will realize that your objections are premature and unfounded. Please do not hesitate to contact me at (202) 619-1610 to make arrangements for you to review the documents on June 30th. The foregoing is made without prejudice.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Alicia J. Bentley, Esq.
       Christopher McClintock, Esq.
       Add'l courtesy copies to attached list

Additional copies to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Christopher Rooney, Esq.
Anne D. Peterson, Esq.
CARMODY & TORRANCE, LLP
195 Church Street
Post Office Box 1950
New Haven, Connecticut 06509-1950

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540



**U.S. Department of Justice**

Civil Division

DJ 46-18-2031
MFH:PAD:AJBentley

<div align="right">

601 D Street, N.W.     *Telephone:  (202) 616-9854*
Room 9544           *Facsimile:   (202) 514-0280*
Washington, D.C. 20530   *(Postal delivery)*
Washington, D.C. 20004   *(Courier/UPS/FedEx)*

</div>

June 26, 2006

**VIA FACSIMILE**
**(973) 297-3899**

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:    <u>Investigatory files re: Acorn Technology Fund, et al.</u>

Dear Mr. Mintz:

I understand that in litigation brought by the Small Business Administration as receiver, you have served a Fed. R. Civ. Proc. 45 subpoena *duces tecum* which purports to seek, *inter alia,* access to the United States' investigatory materials, including witness interview memoranda, interview notes and attorney notes. These materials, which were created by federal agents under the direction of Department of Justice attorneys, are privileged materials and will not be produced for the reasons set forth below.

Witness interview materials are core attorney work product. See <u>Hickman v. Taylor</u>, 329 U.S. 495, 508 (1947); <u>McKenzie v. McCormick</u>, 27 F.3d 1415, 1420 (9th Cir. 1994) (attorney's notes of interviews with witness were protected work product); <u>Hilt v. SFC Inc.</u>, 170 F.R.D. 182, 188 (D. Kan 1997) (notes taken by counsel during an interview of one of defendant' employees constitute work product and production will not be compelled absent a showing of undue hardship). Disclosure of work product is particularly unwarranted when the requesting party has not made a showing of substantial need or undue hardship and simply seeks to coat-tail off of opposing counsel's work. <u>McKenzie</u>, 27 F.3d at 1420 (affirming denial of disclosure of interview notes where defendant failed to make showing of substantial need or undue hardship). See also <u>Upjohn Corp. v. United States</u>, 449 U.S. 383, 401 (1981) ("forcing an attorney to disclose notes and memoranda of witnesses oral statements is particularly disfavored because it tends to reveal the attorney's mental process . . . . [S]uch work product cannot be disclosed

-2-

simply on a showing of substantial hardship and inability to obtain the equivalent without undue hardship"); In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988) ("As the work product sought here is based on oral statements from witnesses, a far stronger showing is required than the 'substantial need' and 'without undue hardship' standard applicable to discovery of work product protected documents and other tangible things").

The Government further objects to identifying those witnesses whom its agents interviewed. While it is appropriate to ask for the identification of witnesses having information concerning the allegations in the case, it is an invasion of a party's work product to require that party to identify the witnesses selected to be interviewed. The selection of which witnesses warranted an interview from the large number of potential witnesses is a reflection of the attorney's thought process and is within the work product protection. See Thompson v. United Transportation Union, No. CIV A 99-2288 JWL, 2000, 2000 WL 1375293 (D. Kan. Sept. 15, 2000) (the failure to identify the name of the witnesses interviewed by counsel did not make it "impossible or even difficult to determine whether the documents are attorney-client privileged or protected work product," denying motion to compel production of interview memoranda); Seebeck v. General Motors Corp., 1996 WL 742914 at *3, No. CIV. 1:96-CV-449-WCO (N.D. Ga. May 17, 1996) (names of individuals interviewed by counsel conducting internal investigation were protected; to compel the defendant to produce these names "would provide plaintiff with a window into [counsel's] thought process during his execution of the task for which he was retained by GM"); Niagara Mohawk Power Corp. v. Stone & Weber Engineering Corp., 125 F.R.D. 578, 593 (N.D.N.Y. 1989) (staying deposition of counsel and noting that the selection of persons to interview can be a reflection of attorney's work product).

This doctrine prohibits the disclosure of the identities of the witnesses interviewed, as well as the substance of the investigators' recollections of those interviews. "In the circumstances of our case, seemingly innocuous questions, such as who was interviewed by [counsel], take on a harmful coloration." Grand Jury Subpoena Dated November 8, 1979, 622 F.2d at 936. "[W]e are loathe to permit even threshold questions about such information [identifying interviewed witnesses] in [counsel's] files, unless the United States can make a preliminary showing that it probably could demonstrate sufficient cause to obtain those files." Id. See also In re Grand Jury Subpoena (General Counsel, John Doe, Inc.), 599 F.2d 504, 511 (2d Cir. 1979) (refusing to compel grand jury testimony regarding counsel's interviews of selected employees, including their identities, on work product grounds); In re Terkeltoub, 256 F. Supp. 683, 685 (S.D.N.Y. 1966) ("At the heart of the job of 'thorough-going investigation and preparation' is the interviewing of prospective witnesses, hostile as well as friendly. And no lawyer, on any side of any case, would consider its salutary for his client that the opposition knew who was being interviewed and what was being said during such meetings").

There is no real debate that the work product protection applies to the Government as a litigant. United States v. One Tract of Real Property, 95 F.3d 422, 427 (6th Cir. 1996) (work product privilege "protects the files and the mental impressions of an attorney reflected, of course, in interviews"; applying work product doctrine to government attorney's work) (citations and internal quotations omitted); United States v. Booth, 399 F. Supp. 975, 978 n.1 (D.S.C.

-3-

1975) (work product doctrine protected AUSA's notes of interview of witness who later claimed a Miranda violation). The use of Government investigators to interview witnesses in connection with Government litigation long has been approved by courts. See, e.g., United States v. International Business Machines Corp., 415 F. Supp. 668, 671 (S.D.N.Y. 1976) (Department of Justice's use of FBI to interview defendant's listed witnesses was appropriate; also rejecting claim that FBI reports of such interviews were "secret and unfair weapons"); United States v. Kelsey-Hayes Wheel Co., 15 F.R.D. 461 (E.D. Mich. 1954) (FBI reports of investigations privileged). "One of these realities [of litigation] is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the [work product] doctrine protect materials prepared by agents for the attorneys as well as those prepared by the attorney himself." United States v. Nobles, 422 U.S. 225, 238-39 (1975). The files of the Government investigators are merely an extension of the files maintained by Government counsel and, as such, the work product doctrine protects the very identifying information about the documents, including the names and dates of the interviews and the various documents which the investigators have selected to place in their files.

A Government investigator's work product is entitled to equivalent protection as the attorney's own work. See FDIC v. Cherry, Bekaert & Holland, 131 F.R.D. 596, 604 (M.D. Fla. 1990) (FDIC investigator's files, including his notes concerning failed bank which was subject of litigation, were protected by work product doctrine); D'Amico v. Cox Creek Refining Co., 126 F.R.D. 501, 506 (D. Md. 1989) (work product protection covers witness statements prepared by NLRB investigators); McLaughlin v. Miles Laboratories, Inc., 124 F.R.D. 629, 631 (N.D. Ill. 1988) (witness statements of defendant's employees taken by non-lawyer Department of Labor investigator were protected by work product doctrine); Sterling Drug, Inc. v. Harris, 488 F. Supp. 1019, 1027 (S.D.N.Y. 1980) (in FOIA case, non-lawyer FDA employee was attorney's agent and work product protected documents he prepared); United States v. Chatham City Corp., 72 F.R.D. 640, 643-44 (S.D. Ga. 1976) (FBI investigatory files, including interviews, protected by work product doctrine where names and addresses of percipient witnesses can be obtained directly through interrogatories).

The party seeking discovery bears a heavy burden of demonstrating the requisite "substantial need and inability to obtain the substantial equivalent of the information through other means" to require the identification of the witnesses interviewed. See, e.g., Grand Jury Subpoena Duces Tecum dated February 18, 1988, 685 F. Supp. 49, 51 (S.D.N.Y. 1988) (holding that defense's private investigator cannot be forced to reveal list of names of persons interviewed); Commonwealth of Massachusetts v. First National Supermarkets, 112 F.R.D. 149, 152 (D. Mass. 1986), (plaintiff not entitled to names and dates of interviews where interviews were conducted as part of investigation responding to reasonable anticipation of litigation; "when the terms of the interrogatory are not cast in terms of identification of persons with knowledge but rather in terms of the identification of persons interviewed by counsel, the work-product doctrine may be applicable"); Board of Education of Evanston Township v. Admiral Heating, 104 F.R.D. 23, 32 (N.D. Ill. 1984) (refusing to order defendants to disclose whom they have interviewed and where and when such interviews took place; such disclosure would "afford

-4-

[plaintiff] the potential for significant insights into the defendant lawyers' preparation of their case and thus their mental processes"); Unita Oil Refining Co. v. Continental Oil Co., 226 F. Supp. 495, 506 (D. Utah 1964) (names of all persons from whom plaintiffs had taken or requested statements were privileged; "[t]he detailed pattern of investigation and exploration in and of itself is not a proper subject for discovery"). See also, Cherry Bekaert & Holland, 131 F.R.D. at 604-05 (denying discovery of FDIC investigator's witness statements where defendants had not attempted to depose witnesses nor had counsel established that witness statements were the only source of the information known to witnesses). See United States v. Urban Health Network, Inc., 1993 WL 12811, No. CIV 91-5976 (E.D. Pa. Jan. 11, 1993) ("the names and dates of persons interviewed by the Government during its investigation are covered by work product rule"); First National Supermarkets, 112 F.R.D. at 152 (witnesses' names, dates and places of interviews, as well as contents of interviews, were privileged); Board of Education of Evanston, 104 F.R.D. at 32 (names, dates, and places of interviews were privileged). You have made not even the slightest attempt to show substantial need or undue hardship nor have you shown that you have even made any effort to contact and interview any potential witnesses. Without a showing of substantial hardship or witness unavailability, any motion to compel the production of the Government's work product would consume the court's time to no avail.

That some of the interview memoranda may have been prepared in connection with an earlier investigation does not limit or vitiate their work product protection. "[T]he work product protection applies to work produced in anticipation of other litigation." United States v. Leggett & Platt, Inc., 542 F.2d 655, 660 (6th Cir. 1976), cert. denied, 430 U.S. 945 (1977) (work product applied to closed antitrust investigatory files of the Government which were created in anticipation of litigation). As a legal matter "[t]here is no requirement that litigation have actually commenced in order to assert work product." Martin v. Monfort, Inc., 150 F.R.D. 172, 173 (D. Colo. 1993) (protecting defendant's time studies performed after it was contacted by a Department of Labor compliance officer). "Investigation by a federal agency presents more than a remote prospect of future litigation and reasonable grounds for anticipating litigation sufficient to trigger the work product doctrine." It would be patently unfair to argue that a target defendant's work product protection begins once it learns of a Government investigation but the Government's files of that investigation are not protected by work product until a complaint is filed. See Kent Corp. v. NLRB, 530 F.2d 612, 623 (5th Cir.), cert. denied, 429 U.S. 920 (1976) (noting that litigation is often the only purpose behind investigations by some government agencies).

Likewise, the entirety of the Government's file relating to its investigation are protected from discovery by the investigatory files privilege. Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984); Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970); see also 5 U.S.C. § 552(b)(7) (Freedom of Information Act exemption 7 which protects records compiled for law enforcement purposes). Files compiled for a law enforcement purpose, including those compiled in connection with the Government's investigation of *qui tam* allegations, are protected. See Allnutt v. Department of Justice, 99 F. Supp. 2d 673, 679 (D. Md. 2000) (this privilege protects civil as well as criminal investigations); Alder, Coleman, Clearing Corp. v. Mishkin, SIPC, 1999 WL 1747410, at *3 (S.D.N.Y. Dec. 8. 1999). This privilege

-5-

precludes both the production of the files, as well as testimony concerning their contents. Id.; In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988); Arinder v. Lee, 2000 WL 680343 at *2 (E.D. La. Mat 23, 2000).

Please call me if you have any questions concerning this matter.

Very truly yours,

Alicia J. Bentley
Trial Attorney
Commercial Litigation Branch
Civil Division

cc:     Jordan Strauss, Esq.
        AUSA Susan Becker
        AUSA Paul Shapiro
        AUSA Margaret Huchinson
        Thomas W. Rigby, Esq.
        Christopher McClintock, Esq.
        SA Gerald Cripiso, SBA OIG
        SA Hans C. Martin, FBI



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

July 20, 2006

**VIA U.S. POST & FACSIMILE (973) 624-7070**

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:     Conflict of Interest/Subpoena by McCarter & English to SBA (C.A. No. 05-190)

Dear Mr. Mintz:

It has recently come to my attention that Christopher Lane Davis, Esq., has been associated with McCarter & English, L.L.P. for the past several years. Your conflicts system should register that the U.S. Small Business Administration ("SBA") is a former client of Mr. Davis. He provided to SBA legal advice regarding matters substantially related to your subpoena, including without limitation, legal advice on the SBIC program and issues related to the licensing of SBICs (like Acorn); particularly with regard to venture capital and Participating Securities SBICs (like Acorn); the organization of SBICs as limited partnerships (like Acorn); which included SBICs that would provide venture capital to start up, early stage and/or seed stage small concerns (like Acorn); as well as legal advice concerning the interests of SBA as a regulator of SBICs (like Acorn); and statutory, regulatory, procedural and financial issues concerning the SBIC program. During his legal work for SBA, Mr. Davis had access to privileged and confidential information of SBA, including access to attorneys in the Office of General Counsel concerning sensitive SBIC program matters.

SBA and McCarter & English are now in a materially adverse relationship with respect to the subpoena that covers issues substantially related to matters outlined above. It also includes the time period Mr. Davis provided legal services to SBA (1998-2000).

Under the conflict of interest rules of both the New Jersey and Pennsylvania Rules of Professional Conduct, Rule 1.9, [1] Mr. Davis is therefore disqualified from representing another person (the Smith Stratton Defendants) in this substantially related matter (subpoena to SBA that covers legal matters on which Mr. Davis worked for SBA), in which the Smith Stratton Defendants' interests are materially adverse to the interests of the former client (SBA), unless the former client gives informed consent confirmed in writing.

SBA declines to provide such consent. Furthermore, because of Mr. Davis' association with McCarter & English on the one hand, and McCarter & English's adverse position against SBA on the other, Mr. Davis' conflict of interest is imputed to McCarter & English under Rule 1.10.

In the event that McCarter & English believes that it may properly invoke the screening procedures under Rule 1.10 to address this conflict of interest, then McCarter & English was required to – but did not - promptly provide SBA with "written notice…to enable [SBA] to ascertain compliance with the provisions of this Rule [1.10]." Rule 1.10 (c)(3). Since no such notice was provided to SBA, I can only assume that either screening is of no help to McCarter & English, or no required screening has taken place. In either event, it does not appear that McCarter & English has abided by the requirements of Rule 1.10.

If I am mistaken, then please explain McCarter's & English's position. If it is your position that screening under Rule 1.10 is all that is necessary, then provide the written screening procedures that are required of McCarter & English by Rule 1.10(f) and copies of documents that show that McCarter & English has properly followed those written procedures, other than its obvious failure to notify SBA as required under Rule 1.10(c)(3). In addition, I request that you and Alitia Stockwell (and any other McCarter & English lawyer or paralegal working on this matter) certify that you have not communicated with Mr. Davis in any way about this matter.

I look forward to your prompt response concerning this conflict of interest issue. Please do not hesitate to contact me at (202) 619-1610 with any questions.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:     Nina Levine, Esq.
        Eric S. Benderson, Esq.
        Christopher J. McClintock, Esq.
        Christopher Lane Davis, Esq.

---

[1] Please note that Mr. Davis was retained by SBA as an outside legal consultant, not as a government lawyer, public officer or employee of SBA, so Rule 1.11 is inapplicable.



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

September 18, 2006

VIA U.S. POST & FACSIMILE (973) 624-7070

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:     Conflict of Interest/Subpoena by McCarter & English to SBA (C.A. No. 05-190)

Dear Mr. Mintz:

Thank you for your letter dated August 11, 2006. I note that your dispute with my letter of July 20th is not with the description of Mr. Davis' legal services to SBA for SBIC matters, but only with the scope of the subpoena to SBA concerning Acorn Technology Fund, L.P. It had initially appeared to me that your subpoena might be read to cover documents beyond SBA's files on Acorn. However, based upon your representations and analysis, the subpoena is limited to documents "regarding the licensing of Acorn"; "subsequent actions of the SBA in connection with Acorn"; and "specific issues relating to Acorn."

I therefore accept your clarification that SBA documents not specific to Acorn are not covered by the subpoena, which is the mechanism by which you assert that there is no conflict concerning Mr. Davis and therefore no need for screening. Your analysis of the adverse relationship between McCarter & English and SBA created by the subpoena is incorrect, and I find your citation to a case involving a shareholder derivative suit puzzling. Nevertheless, that issue is currently moot based upon your clarification concerning the scope of the subpoena.

Please note, however, that SBA repeats that it has not authorized Mr. Davis to disclose any privileged or confidential information concerning SBA to anyone at any time. Your letter states that "none of the attorneys at this firm have communicated with Mr. Davis *regarding the subjects of the subpoena or the SBA's response*" (emphasis supplied). I

trust that you are aware that Rule 1.9(c)(2) prohibits disclosure by Mr. Davis of <u>any</u> privileged or confidential information gained from his representation of SBA to <u>anyone</u>, including you or anyone else at your firm, for <u>any</u> reason other than the very narrow exceptions permitted in the Rules, none of which are applicable in this instance. That prohibition is independent of any relevance to the subpoena or the existence of any "materially adverse relationship." If Mr. Davis has revealed any privileges or confidences of SBA to you, anyone at your firm or anyone else for any reason whatsoever, you are directed to notify me immediately.

Also note that in the event that McCarter & English attempts later to pursue additional information or documents from SBA or its employees or agents within its privileges, then we will have to revisit this issue. The risk of tainting your representation rests entirely upon you and your firm and how well it protects the privileges and confidences of former clients. SBA expects and requires that you, Mr. Davis and McCarter & English exercise appropriate care at all times toward SBA as a former client of Mr. Davis.

Thank you for clarifying the scope of the subpoena. The foregoing is made without prejudice.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Christopher J. McClintock, Esq.

2



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

October 2, 2006

**VIA U.S. POST & FACSIMILE**

Christopher Rooney, Esq.          Fax (203) 784-3199
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

Robert Mintz, Esq.                Fax (973) 624-7070
Alitia Stockwell, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:   Document Requests/Subpoena to SBA in the Smith Stratton Litigation,
      05-190 (Judge Giles) (E.D. Pa.)

Please find enclosed SBA's privilege log. SBA reserves the right to supplement, as
appropriate. The foregoing is made without prejudice to SBA's previous responses and
objections.

Please do not hesitate to contact me at (202) 619-1610 with any questions.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:   Christopher J. McClintock, Esq., w/ encl.
      Add'l courtesy copies by U.S. Post to Attached List, w/ encl.

Additional copies to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Alicia J. Bentley, Esq.
Jordan L. Strauss, Esq.
U.S. Department of Justice
Civil Division, Room 9544
601 D St., N.W.
Washington, D.C. 20004

Susan R. Becker, Esq.
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

October 10, 2006

**VIA U.S. POST & FACSIMILE (973) 624-7070**

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:    Subpoena to SBA Concerning Acorn Technology Fund, L.P.

Dear Mr. Mintz:

I am responding on behalf of SBA in its capacity as a federal regulatory agency ("SBA")
to your letter dated September 18, 2006 in which you request a privilege log and more
specific answers to questions you raised earlier in your letter of July 12, 2006.

Privilege Log:  SBA's privilege log was provided to you by letter dated October 2, 2006.

Additional issues: as you know, SBA made its document production to you on June 30,
2006.  We also had correspondence prior to that, such as my letter to you dated June 23,
in which SBA provided further information to you about SBA's position on your Rule 45
subpoena.  The U.S. Department of Justice sent you a separate letter dated June 26, 2006
concerning its position on those document issues, as well.  If any background or subtext
to your questions or issues has anything at all to do with civil or criminal matters
involving DOJ, the FBI or the IG, or anything related to their activities, please see DOJ's
letter to you dated June 26.

Your letter of July 12, 2006, with its focus on SBA internal matters, led to a recognition
by SBA of a potential conflict of interest in your subpoena because SBA falls under
ethics rules governing former clients.  SBA and McCarter & English have a common
relationship with an attorney in your firm, Christopher Davis, Esq., who provided
privileged and confidential legal services to SBA regarding the SBIC program.  I outlined
those concerns in my letter to you dated July 20, 2006, and you responded on August 11,
2006.

While my last letter on that issue dated September 18 was not intended as a full response to your letter of September 18 (they crossed by fax), my letter of that date significantly narrowed any remaining issues from your letters of September 18 and July 12, and the following further responses are made with that understanding.

Further responses to your bulleted items from your letter of July 12:

1.      It is my understanding that the Receiver sent one or more post-receivership subpoenas to SSWHB, Pinto and/or Novick and also conducted a pick up of Acorn's client files. However, I am not aware of documents in SBA's regulatory files evidencing communications between SSWHB, Pinto or Novick (or any current or former employee of SSWHB) and SBA post-receivership. If you suspect or know of any such communications involving SBA, tell me what they are and we can discuss. SBA will supplement its production, if appropriate. As you know, you already have SBA's pre-receivership production containing evidence of communications between SSWHB, Pinto or Novick (or any current or former employee of SSWHB) and SBA.

2.      You have SBA's production of communications between William Malloy and Michael Wyatt. We have not found documents evidencing post-receivership communications between them. If you know of any such communications, let me know and we can discuss. SBA will supplement its production, if appropriate.

3.      You have SBA's production of documents concerning the purported June 15, 2000 Tyre Lynx Board Meeting and documents of communications between Wyatt and SBA concerning Tyre Lynx.

4.      You have SBA's production of documents concerning Acorn's investments.

5.      Depositions of the current and former SBA employees you identified were not taken by SBA. I believe they were taken by attorneys for your clients' own client, John Torkelsen, at the law firm of Powell Goldstein in Washington, D.C. I believe that the USAO/DOJ defended the depositions of SBA personnel, and I am not sure if an SBA attorney was even present. As a courtesy, I will forward to you a copy of a deposition of Walter Peterson. I will check and see if SBA has copies of depositions of the other current and former SBA employees that you list. Please also note that Lawrence Bill is not a current or former employee of SBA. I am not aware of any pre-receivership deposition of him regarding Acorn, or post-receivership deposition of him in the fraud action, C.A. No. 03-0060. Issues concerning post-receivership activities of the Receiver should be directed to Mr. McCoyd.

Further responses to other issues raised in your letter:

SBA produced its SOP on Licensing SBICs, as you requested. SBA also directed you to the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661, et seq., and Part 107 of Title 13 of the Code of Federal Regulations, which contain statutory and regulatory requirements, guidelines and/or procedures for the licensing of SBICs. Other responsive documents regarding guidelines and procedures are in SBA's production. It is

also my understanding that you will find documents relevant to SBA's guidelines and policies in your clients' own files, as I believe they kept files on SBA regulatory and licensing matters. Please do note that my letter to you dated September 18 is particularly applicable to these areas concerning SBA's internal policies and practice.

In addition, it is likely that the files of Acorn contain non-privileged documents relevant to SBA's guidelines and procedures that were sent to Acorn by SBA pre-receivership. I understand that you will be inspecting the Receiver's production of documents soon. After you have reviewed the above documents, statutes, regulations and other items, as well as the Receiver's production and your clients' own regulatory and licensing files, please contact me. If there is a particular aspect of licensing in which you are interested, we can discuss and I will be better able to respond. SBA will supplement its production, as appropriate.

With respect to the fraud action, C.A. No. 03-0060, you asked for further clarification regarding SBA's response. I think SBA's response is clear: SBA has provided to you the same pre-receivership documents of SBA that it produced in the fraud action, C.A. No. 03-0060. SBA has also produced post-receivership approvals by SBA of conduct identified in the (Smith Stratton) litigation.[1] For added clarity, SBA was not asked to produce, and has not produced, any documents in any of the unfunded investor litigation matters. If you have in mind some other, particular civil litigation or civil proceeding that you think involves Acorn and SBA, or a reason why you think some other category of documents is relevant, let me know so we can discuss. SBA will supplement its production, as appropriate.

As a general point, if after having reviewed SBA's production you find that there was something you expected to receive, but did not, please contact me so that we can discuss. The foregoing is made without prejudice to SBA's prior responses, objections and assertions of privilege in this matter, as well as its right to supplement its production, as appropriate. Please do not hesitate to contact me at (202) 619-1610 with any questions.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Alicia Bentley, Esq.
       Jordan Strauss, Esq.
       Christopher McClintock, Esq.
       See Attached List

---

[1] You have also asked to clarify the particular "litigation" I referenced in a quotation from my letter dated June 23, 2006. I was referring to the Smith Stratton litigation. However, to provide you more comfort, SBA has also produced to you any post-receivership approvals of the illegal conduct identified in the fraud action, C.A. 03-0060. There are none.

Additional copies to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA  19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Susan R. Becker, Esq.
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

October 11, 2006

**VIA U.S. POST & FACSIMILE (973) 624-7070**

Robert A. Mintz, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:     Subpoena to SBA Concerning Acorn Technology Fund, L.P.
        C.A. No. 05-190 (E.D. Pa.) (Judge Giles)

Dear Mr. Mintz:

Please find enclosed copies of the following:

1.      Transcript of a deposition of Walter Peterson, Jr., August 30, 2004;

2.      SBA INV 01173;

3.      SBA 05-190 SUB 00001 through 00007;

This first item is further to my letter to you dated October 10, 2006, as you requested.
The second item supplements SBA's production, as on further review it appears that the
entire document was inadvertently withheld previously. The final item (a non-privileged
1994 memorandum) should help narrow remaining questions you may have concerning
SBA.

The foregoing is made without prejudice to SBA's prior responses, objections and
assertions of privilege in this matter, as well as its continuing right to supplement its

1

production, responses and objections, as appropriate. Please do not hesitate to contact me at (202) 619-1610 with any questions.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:     Alicia Bentley, Esq. (w/o #1)
        Jordan Strauss, Esq. (w/o #1)
        Christopher McClintock, Esq. (w/o #1)
        See Attached List (w/o #1)

Additional copies to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Susan R. Becker, Esq.
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950

# EXHIBIT E

Issued by the
# UNITED STATES DISTRICT COURT

——————— **DISTRICT OF** ——————— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

          **Plaintiffs**

          v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
          **Defendants**

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

received
10.06.06

TO:    William H. Malloy
       Small Business Administration
       409 3rd Street, S.W.
       Washington, D.C. 20416-0001

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF TESTIMONY | COURTROOM | |
|---|---|---|
| | DATE AND TIME | |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | October 30, 2006 at 12:00 p.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

              (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

MEI\5863104.1

## Issued by the
## UNITED STATES DISTRICT COURT

——————————— **DISTRICT OF** ——— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.
<div style="margin-left:2em">Plaintiffs</div>
v.
Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
<div style="margin-left:2em">Defendants</div>

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

received
10.06.06

TO:   Mark Mead
      Small Business Administration
      409 3rd Street, S.W.
      Washington, D.C. 20416-0001

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM | |
|---|---|---|
| | DATE AND TIME | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 10, 2006 at 10:00 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| Steven A. Beckelman, Attorney for Defendant (s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

<div style="text-align:center">(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)</div>

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

Person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

MB1\5863167 1

**Issued by the**

# UNITED STATES DISTRICT COURT

―――――――――――――――――― **DISTRICT OF** ――――― <u>COLUMBIA</u>

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.
                **Plaintiffs**
                v.
Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
                **Defendants**

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 06-0190 (JTG) –
Related Case No. 03-0070 (JTG)

**received**
**10.06.06**

TO:    Thomas Morris
        Small Business Administration
        409 3rd Street, S.W.
        Washington, D.C. 20416-0001

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM | |
|---|---|---|
| | DATE AND TIME | |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | December 21, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant(s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number

# PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ME1\5863147.1

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF ──────── COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

　　　　　　　　Plaintiffs

　　　　　v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
　　　　　　　　Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

received
1/2.06.06

TO:　Johnny A. Kitts
　　　Small Business Administration
　　　409 3rd Street, S.W.
　　　Washington, D.C. 20416-0001

☐　YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
　　below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
　　deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | October 30, 2006 at 10:00 a.m. |

☐　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
　　At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

　　　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR<br>DEFENDANT<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

Person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Issued by the
# UNITED STATES DISTRICT COURT

——————————————— DISTRICT OF ——————— COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.
     Plaintiffs
       v.
Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
     Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO: Walter Peterson, Jr.
   1661B South Hayes Street
   Arlington, VA 22202

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
  below to testify in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
  deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 8, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
  At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>October 17, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
† If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                                _____
                                                                ADDRESS OF SERVER

---

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ME1\5870745.1

## Issued by the
# UNITED STATES DISTRICT COURT

───────────── **DISTRICT OF** ───────────── COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

             **Plaintiffs**

           v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,

            **Defendants**

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO:    Charles Sjoquist
        Small Business Administration
        409 3rd Street, S.W.
        Washington, D.C. 20416-0001

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
      below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM | |
|---|---|---|
| | DATE AND TIME | |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
      deposition in the above case.  The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | November 1, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
      At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE AND TIME |
|---|---|
| *[signature]*<br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE                                    SIGNATURE OF SERVER

                                                          ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

Person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Issued by the
# UNITED STATES DISTRICT COURT

———— **DISTRICT OF** ————    COLUMBIA

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

Plaintiffs

v.

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,

Defendants

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO:    Lawrence Bill
Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416-0001

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>300 E. Lombard Street<br>Baltimore, Maryland 21202-3219 | December 21, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven A. Beckelman, Esq., Attorneys for Defendant (s) | DATE AND TIME<br><br>September 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                              DATE                                SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Issued by the
# UNITED STATES DISTRICT COURT

_____ MIDDLE _____ **DISTRICT OF** _____ FLORIDA _____

U.S. Small Business Administration, as Receiver for Acorn
Technology Fund, L.P.

<div style="text-align:center">Plaintiffs</div>
<div style="text-align:center">v.</div>

Smith, Stratton, Wise, Heher & Brennan, LLP, et als.,
<div style="text-align:center">Defendants</div>

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-0190 (JTG) –
Related Case No. 03-0070 (JTG)

TO:    Ronald C. Cibolski, Esq.
       Ronald C. Cibolski, Esq. & Assoc., LLC
       5328 White Ibis Drive
       North Port, Florida 34287

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
       below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
       deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION<br>Ronald C. Cibolski, Esq. & Assoc., LLC<br>5328 White Ibis Drive<br>North Port, Florida 34287 | DATE AND TIME<br>December 15, 2006 at 10:00 a.m. |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object
       At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

       Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure
30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE AND TIME |
|---|---|
| Steven A. Beckelman, Esq., Attorneys for Defendant(s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

<div style="text-align:center">(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)</div>

† If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

Person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN ——— **DISTRICT OF** ——— NEW YORK

| U.S. Small Business Administration, as Receiver for Acorn Technology Fund, L.P. | |
|---|---|
| Plaintiffs | **SUBPOENA IN A CIVIL CASE** |
| v. | Civil Action No. 05-0190 (JTG) – |
| Smith, Stratton, Wise, Heher & Brennan, LLP, et als., Defendants | Related Case No. 03-0070 (JTG) |

TO:  Mitchell Greenburg
New York SBIC Examinations Office
26 Federal Plaza Room 3402
New York, NY 10278

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM | |
|---|---|---|
| | DATE AND TIME | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition shall be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP 245 Park Avenue 27th Floor New York, NY 10167 | November 16, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object At the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| Steven A. Beckelman, Esq., Attorneys for Defendant(s) | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 – 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ME1\5863125.1

# EXHIBIT F

********** -COMM. JOURNAL- ********************* DATE OCT-10-2006 ****** TIME 16:20 *** P.01

MODE = MEMORY TRANSMISSION          START=OCT-10 16:18      END=OCT-10 16:20

FILE NO.= 077

| STN NO. | COM | ABBR NO. | STATION NAME/TEL.NO. | PAGES | DURATION |
|---------|-----|----------|----------------------|-------|----------|
| 001 | OK | 8 | 919736247070 | 005/006 | 00:01'55" |

-SBA LITIGATION          -

*********************************** -SBA LITIGATION - ***** -     202 205 7154- **********



# Fax Transmission Cover Sheet

I.S. Small Business Administration

To: Robert Mintz, Esq.

Organization: McCarter & English

Phone: _____  Fax: (973) 624-7070

Date: 10.10.06  Time: _____

Number of Pages (including this page): _____

From: Thomas W. Rigby
Chief Counsel for SBIC Liquidation
Office of General Counsel, SBIC Enforcement

Tel. (202) 619-1610     Fax (202) 481-5866

Message: Response to Subpoenas to SBA personnel

## Did you know that in fiscal 1999 the SBA —

* maintained a guaranteed loan portfolio of more than $40.5 billion in loans to 486,000 small businesses that otherwise would not have had such access to capital?

* backed nearly 49,000 loans totaling a record $12.5 billion to America's small businesses?

* made 3,100 investments worth $4.2 billion through its venture capital program?

* provided more than 36,000 loans totaling over $936 million to disaster victims for residential, personal-property and business losses?

* extended management and technical assistance to more than 900,000 small business persons through its 11,500 Service Corps of Retired Executives volunteers and 1,000 small business development center locations?

* created HUBZones providing federal contracting assistance to small businesses located in "historically underutilized business zones"?

## Did you know that America's 24 million small businesses —

* employ more than 52 percent of the private work force,

* generate more than 51 percent of the nation's gross domestic product, and

* are the principal source of new jobs?

Call us at 1-800 U ASK SBA or visit our Web site at www.sba.gov

NOTE: Be aware fax machines using thermal paper produce an unstable image which will deteriorate. Copy message onto plain paper prior to filing as a record?

CONFIDENTIALITY NOTE: The information contained in this facsimile transmittal sheet and the document(s) that follow are for the exclusive use of the addressee and may contain information protected by the Privacy Act, 5 U.S.C. 552a, or otherwise confidential, privileged or non-disclosable information. If the recipient of this facsimile is not the addressee or is not the person responsible for delivering this facsimile to the addressee, the recipient may violate the law by reading, photocopying, distributing or otherwise using this facsimile transmission for its contents in any way; If the recipient has received this facsimile transmission in error, call the sending office immediately.

TOTAL P.01



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

October 10, 2006

**VIA U.S. POST & FACSIMILE**

Robert Mintz, Esq.                     Fax (973) 624-7070
Alitia Stockwell, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:   <u>Deposition Subpoenas to SBA in the Smith Stratton Litigation</u>, C.A. No. 05-190
      (E.D. Pa.)(Judge Giles)

Dear Mr. Mintz:

Subpoenas for depositions for the following current SBA employees were delivered to
SBA's Visitor's Center located at 409 Third Street, S.W. in Washington, D.C. on <u>Friday,
October 6, 2006</u>:

William Malloy, Mark Mead, Thomas Morris, Johnny Kitts

In addition, I understand from a fax from your firm that you plan to serve subpoenas or
other deposition requests on the following persons as well (although I have no evidence
that they were actually served):

*Lawrence Bill (not a current or former SBA employee)
Charles Sjoquist (former SBA employee)
Ruth Phillips
Mitchell Greenberg
Ronald C. Cibolski (former SBA employee)
Michael Wyatt, Esq. (former SBA employee)

SBA has the following responses and objections:

1.      Please inform me immediately if I have not identified all of the current or former SBA employees to whom you have served/plan to serve subpoenas or other requests. Please note SBA plans to represent and defend them with respect to SBA issues, as appropriate, and has already contacted Ms. Phillips and Messrs. Malloy, Mead, Morris, Kitts, Greenberg and Cibolski and confirmed representation of them.

2.      SBA requests that you identify, in detail, the matters about which you seek testimony so that SBA may determine whether to approve the taking of such testimony.[1] See 13 C.F.R. § 102.10.  Absent such information, SBA must assume that you are seeking information that is privileged or protected from disclosure by statute or otherwise.  SBA also needs such information so that it can assess the burden on SBA these depositions may impose on SBA and its employees and other relevant factors in making a decision about whether to authorize such testimony, and if so, under what terms and conditions.  As of now, SBA has not authorized any of those persons identified to testify concerning matters related to their current or former employment at SBA.  Please note that I am also looking at possible sovereign immunity issues your subpoenas may raise that were not implicated in your subpoena for documents.

3.      SBA requests an additional 14 day extension of time to make any objection or motion beyond what is required under the Federal Rules.

4.      Without waiving or limiting any other objections, please note that SBA cannot agree to your selection of dates (or of all of the persons, see below) at this time.  None of them work as scheduled.  A number of persons you have identified have official government business already scheduled on the dates you selected.  They are also working on federal government end of Fiscal Year matters through at least the end of October, and probably into the first part of November.  In addition, you scheduled Mark Mcad for an official federal holiday (Veteran's Day).  I am working on gathering possible dates for depositions, assuming we come to an understanding regarding who, what, when, where and for how long.  As of now, SBA has not authorized any of the persons identified to testify concerning matters related to their current or former employment at SBA.

5.      Please note that Lawrence Bill is not a current or former SBA employee.  He is not authorized to testify about agency matters.  I do not believe your service is/will be effective, as he does not work, receive mail, have an office or reside at the address you specified in your fax.  I suggest you please contact Mr. McCoyd about service for Mr. Bill.

6.      Charles Sjoquist and Ronald Cibolski are former SBA employees.  SBA has not authorized either of them to testify as to any matters arising from their employment at

---

[1] Your deposition subpoenas are markedly differently from your document subpoena, as the latter had enough initial specificity for SBA to implement its regulations in making decisions about what to produce.

SBA. I do not believe your service is/will be effective concerning Mr. Sjoquist, as he does not work, receive mail, have an office or reside at the address you specified in your fax. I do not have his current address or contact information.

7.    The subpoenas do not specify an estimated time period for each deposition nor the method of recording the testimony. Please let me know how much time you are requesting for each person and the means of recordation you propose.

8.    I also do not see the relevance in deposing any of the listed persons other than limited depositions of Thomas Morris and Mark Mead.[2] It is my understanding that Judge Giles has already dismissed your clients' defenses related to SBA. No duties were owed by SBA to your clients. Your clients cannot claim waiver or estoppel against SBA. In addition, under SBA's regulations, SBA's prior written approval was required with respect to the relevant regulatory matters still at issue in the referenced litigation. You already have SBA's document production, and the documents speak for themselves.

9.    If you have concerns about authentication of documents or other issues that you thought you needed to address through depositions of current or former SBA employees, please contact me. We may be able to address necessary items through stipulation and without the time, expense and interference with official government business that depositions of multiple current SBA employees would necessarily entail.

10.    SBA reserves the right to assert all privileges available to it for former employees, as well as current employees, including without limitation privileges with respect to: attorney-client, common interest or joint defense privilege, work product, trade secrets, Privacy Act, civil or criminal law enforcement investigation, deliberative process, Criminal Procedure Rule 6, pledge of confidentiality to government officials, other protections against disclosure by law or regulation, or any other privilege that may be applicable depending upon the circumstances. SBA also reserves the right to assert objections based upon knowledge, authority, relevance, speculation, opinion/seeking of "expert" testimony and any other appropriate basis depending upon the circumstances.

11.    As indicated in my September 18, 2006 letter to you on the conflict of interest issue involving McCarter & English and SBA, these deposition subpoenas also reopen that discussion and analysis.

12.    In the future, I request that you contact me prior to serving subpoenas or other requests directed to current or former SBA employees so that we can attempt to resolve these types of issues at the outset.

---

[2] E.g., concerning factual, relevant, non-privileged information related to the funding of Acorn and its portfolio investment companies and factual, relevant, non-privileged information regarding Acorn's lack of compliance with the SBA's regulations regarding SBICs. Those depositions, assuming appropriate terms, conditions and timing are all finalized, should not require more than about 4 hours each, and I think that is generous. We should also try to arrange to complete them in one day to conserve travel, time, effort and resources of SBA and minimize disruptions to official governmental business.

The foregoing is made without prejudice to SBA's responses, objections and right to assert privileges.  Please do not hesitate to contact me at (202) 619-1610 with any questions.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Eric S. Benderson, Esq.
       Alicia Bentley, Esq.
       Jordan Strauss, Esq.
       Christopher J. McClintock, Esq.
       Add'l courtesy copies by U.S. Post to Attached List

Additional copies to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA 19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Susan R. Becker, Esq.
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

Copies via e-mail to:

William Malloy, Mark Mead, Thomas
Morris, Johnny Kitts, Ruth Phillips
Mitchell Greenberg, Ronald C. Cibolski

# EXHIBIT G

## Rigby, Thomas W.

| | |
|---|---|
| **From:** | Rigby, Thomas W. |
| **Sent:** | Wednesday, October 18, 2006 10:51 AM |
| **To:** | 'Mintz, Robert A. (atty for SSWHB)' |
| **Cc:** | McClintock, Christopher J. |
| **Subject:** | Acorn - SBA - Deposition Subpoenas to current and former employees of SBA - C.A. No. 05-190 |

Mr. Mintz -

I am contacting you to follow up to my letter from SBA to you dated October 10, 2006. Assuming we can agree on ground rules regarding relevance, scope, privileges, etc., SBA should be able to make Messrs. Mead and Morris available on December 14th for a half day each. We'd like to try to arrange to have them done in Washington, if possible, but I'd like to know whether we can come to an agreement or whether I need to work on preparing a motion. Please call me at your earliest convenience at (202) 619-1610 to discuss the October 10th letter and discussing ground rules for depositions of Messrs. Mead and Morris.

Please note that other than Michael Wyatt, SBA also plans to represent its former employees concerning subpoenas from you or your firm in the C.A. No. 05-190 litigation matter pending before Judge Giles.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | 'Mintz, Robert A. (atty for SSWHB)' | |
| | McClintock, Christopher J. | Delivered: 10/18/2006 10:51 AM |

1

# EXHIBIT H

Robert A. Mintz

Partner
Direct: 973 639-7916
rmintz@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
tel 973.622.4444
fax 973.624.7070
www.mccarter.com

October 24, 2006



ATTORNEYS AT LAW

*VIA FACSIMILE AND REGULAR U.S. MAIL*

Thomas W. Rigby, Esq.
Counsel for SBLC Liquidation
U.S. Small Business Administration
409 Third Street, 7th Floor
Washington, DC 20416

Re:   U.S. Small Business Administration, as Receiver for Acorn Technology Fund, L.P.
      v. Smith, Stratton, Wise, Heher & Brennan, LLP, et al., Case No. 05-CV-0190 (JG)

Dear Mr. Rigby:

       This letter responds to your letter of October 10, 2006 regarding the depositions of
certain current or former SBA employees.

       Initially, we note your representation of Ruth Phillips, Mitchell Greenberg, William H.
Malloy III, Esq., Mark Mead, Ronald C. Cibolski, Thomas Morris, Charles Sjoquist and Johnny
A. Kitts with regard to our recently served deposition subpoenas. As you know, we have also
recently attempted service on Walter Peterson. We assume you will be representing him as well,
but would appreciate confirmation of this representation.

       As to the more substantive issues raised in your letter, we provide the following
responses to your numbered paragraphs:

       1.  We believe you are aware of all current or former SBA employees upon whom we
           have served or plan to serve subpoena or document requests at this time. Should that
           change, we will so notify you.

       2.  Neither 13 CFR. 102.10 nor issues of privilege and relevance raised in your letter
           justify a refusal to comply with duly issued subpoenas and a failure to appear for the
           depositions noticed. Notwithstanding the blanket assertion of numerous evidentiary
           privileges and relevance objections contained in your letter, the proper procedure is to
           have your clients appear for the depositions and assert any privilege they may have on
           a question by question basis. See United States v. Rockwell International, 897 F. 2d
           1255, 1265 (3d Cir. 1990); Yang You Yi v. Janet Reno, 157 F.R.D. 625, 636 (1994);
           Jamison v. Miracle Mile Rambler. Inc., 536 F. 2d 560, 565 (3d Cir. 1976).
           Furthermore, while there is no legal or procedural requirement that we provide you
           with a statement as to our intended areas of inquiry in advance of their depositions,
           we offer the following reasons as a basis for seeking to depose these witnesses: to
           clarify the facts supporting Acorn's allegations in this case; to discover additional

Thomas W. Rigby, Esq.
October 24, 2006
Page 2



facts in support of Smith Stratton's defense that it was not in any way negligent or otherwise legally responsible for any damage Acorn may have suffered; and to discover additional facts in support of the cross claims and third-party complaint. In addition, these depositions are sought because the witnesses are believed to possess information related to both the funding of Acorn and its alleged lack of compliance with SBA regulations regarding SBICs. Indeed, the Receiver's own Rule 26 disclosures identify both Mr. Morris and Mr. Mead as individuals possessing just such information. Moreover, it is clear from documents produced by the SBA and others in this litigation that these witnesses participated in direct oral communications with John Torkelsen, Leif Torkelsen and/or Michael K. Wyatt to which Smith Stratton was not privy. Accordingly, the subpoenaed depositions could conceivably lead to admissible evidence regarding issues relevant to cross-claims and third-party claims. We also seek to take these depositions to avoid unnecessary surprise at trial and, naturally, to take the depositions of any of these witnesses whom you intend to introduce or whose testimony you otherwise intend to rely upon at the time of trial. As to Mr. Morris and Mr. Bill (although we understand that Mr. Bill was not an SBA employee), we also seek to obtain, and are entitled to information relating to, the amount of damages that Acorn claims in this action. Indeed, the Receiver has indicated that it will be designating Mr. Morris as its Rule 30(b)(6) deponent on the issue of Acorn's damages.

The reasons set forth above are more than sufficient under well-established principles of broad discovery and case law to establish the necessity of the subpoenaed depositions. Gillen v. Nissan Motor Corporation, 156 F.R.D. 120, 121-122 (E.D. Pa 1994); Hickman v. Taylor, 329 U.S. 495, 501 (1947); Buffington v. Wood, 351 F. 2d 292, 297 (3d Cir. 1965). The subjects of the depositions will include communications with non-SBA personnel and information received from sources outside the SBA with respect to Acorn Technology Fund, L.P., its principals and affiliates and Acorn Technology Partners, L.P. its principals and affiliates – matters which are directly implicated in the Complaint and Third-Party Complaint. Since the SBA and the United States are not parties, we see no basis for your invocation of sovereign immunity.

3.  In light of the discovery deadline now in force, we are not in a position to grant your request for an additional 14 days within which to respond to these subpoenas by further objection or motion.

4.  You should be in receipt of a proposed discovery schedule that addresses the issues raised in numbered paragraph 4 of your letter.

5.  We will contact Mr. McCoyd regarding Mr. Bill.

Thomas W. Rigby, Esq.
October 24, 2006
Page 3



6. The forgoing arguments set forth in numbered paragraph 2 of this letter apply to Mr. Sjoquist and Mr. Cibolski.

7. We are estimating the following time periods: Ruth Phillips (6 hours) Mitchell Greenberg (7 hours), William H. Malloy III, (7 hours), Mark Mead (7 hours), Ronald C. Cibolski (5 hours), Thomas Morris (7 hours), Charles Sjoquist (5 hours) and Johnny A. Kitts (3 hours) with regard to our deposition subpoenas recently served. As you know, we have also recently attempted service on Walter Peterson (5 hours). We anticipate normal transcription by a court reporter for all. We are entitled to seven hours with each deponent pursuant to Federal Rule 30, subject to extension on the grounds set forth therein.

8. See our response in numbered paragraph 2.

9. We will attempt to deal efficiently with the issues raised in paragraph 9 of your letter and appreciate your offer.

10. We do not understand the invocation of joint defense, common interest or trade secrets privileges in this context. There are no claims against the SBA and we are not aware of any trade secrets in issue. As to the other potential rights you seek to reserve, we take no position as to their applicability and will await their specific invocation at the depositions.

11. We disagree with the assertion in paragraph 11 of your letter. First, for the reasons set forth in our response to your earlier letter alleging the existence of a conflict, there is none. Moreover, inquiries at depositions relating to Acorn Technology Fund, L.P. its principals or affiliates or Acorn Technology Partners, L.P., its principals or affiliates do not implicate issues of general SBA policy.

12. We will take your request under advisement and, time permitting, attempt to cooperate with you as to scheduling issues.

Please contact me at your earliest convenience to discuss this letter and finalize the deposition schedule.

Very truly yours,

Robert A. Mintz

RAM:scw
cc:    All Counsel and Parties on Attached Service List

ME1 5913146v.4

U.S. Small Business Administration, as Receiver for Acorn Technology Fund, L.P.
v. Smith, Stratton, Wise, Heher & Brennan, LLP, Case No. 05-CV-0190 (JG)

### Service List

Patrick K. McCoyd, Esq.
Post & Schell, PC
Four Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103
Attorneys for Plaintiff,
U.S. Small Business Administration
As Receiver for Acorn Technology Fund

Stephen D. Brown, Esq.
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Attorneys for Michael Wyatt, Esq. and
Hogan & Hartson, LLP

J. Christopher Rooney
Carmody and Torrance
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Attorneys for Defendants,
Richard D. Propper, M.D.,
Daniel P. Beharry and
Acorn Connecticut Investments, L.P.

Joseph M. Fioravanti
217 N. Monroe Street
P.O. Box 1826
Media, PA 19063
Attorney for Defendant/Cross-Claim
Defendant, Christine Sweeney

Leif Torkelsen
3029 Green Arbor Lane
Dublin, OH 43017
Defendant/Cross-Claim Defendant
Appearing *Pro Se*

John B. Torkelsen
350 South River Road, Apt. A-14
New Hope, PA 18938
Defendant/Cross-Claim Defendant
Appearing *Pro Se*

Robert N. De Luca, Esq.
4 Wingstone Lane
Devon, PA 19333
Attorney for Defendant/Cross-Claim
Defendant, R. Wood Tate

# MᶜCARTER ENGLISH

Attorneys at Law
100 Mulberry Street
Gateway Four
Newark, NJ 07102
Phone 973.622.4444
Fax 973.624.7070

# Fax Information Sheet

Date:    October 24, 2006 _____

Time:    _____

5    Total Number of Pages (Including Cover Sheet)

### Office Fax Number

Baltimore, MD ............410.659.8550
Hartford, CT .............860.724.3397
Newark, NJ ...............973.624.7070
New York, NY ...........212.609.6921
Philadelphia, PA ........215.979.3899
Stamford, CT ............203.323.6513
Wilmington, DE.........302.984.6399

## I.    Please Deliver To:

| Name | Firm | Fax Number |
|------|------|------------|
| Thomas W. Rigby, Esq. | U.S. Small Business Administration | 202-481-5866 |
| Stephen D. Brown, Esq. | Dechert LLP | 215-994-2222 |
| Patrick K. McCoyd, Esq. | Post & Schell, P.C. | 215-587-1444 |
| Christopher C. Rooney, Esq. | Carmody & Torrance LLP | 203-784-3199 |

## Comments:

Please see attached.

## II.    From:

Name    Robert A. Mintz _____    Att #   02188    Ext:   2395

## III.    Confirmation:

Telephone No.    T. Rigby: 202-205-6642    S. Brown: 215-994-2240
P. McCoyd: 215-587-1000    C. Rooney: 203-784-3109

Name (or Title) _____

Client/Matter Number    99313/00001

The information contained in the facsimile message is attorneys' privileged and confidential information intended only for the person or entity named above. If you are not the intended recipient (or someone responsible to deliver to the intended recipient), please be aware that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately at 1-800-359-6245 and return the original message to us at the above address via the U. S. Postal Service. Thank you.

ME1 5798530v.1

# EXHIBIT I



UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

OFFICE OF GENERAL COUNSEL
Direct Dial (202) 619-1610

October 27, 2006

**VIA U.S. POST & FACSIMILE**

Robert Mintz, Esq.                    Fax (973) 624-7070
Alitia Stockwell, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Re:    Deposition Subpoenas to SBA in the Smith Stratton Litigation, C.A. No. 05-190
       (E.D. Pa.)(Judge Giles)

Dear Mr. Mintz:

Thank you for your letter of October 24, 2006.

SBA has reviewed your comments and has the following further response:

1.     Thank you.  Please note that I have not seen a copy of any subpoena to Charles
Sjoquist other than one that incorrectly identifies his address at SBA Headquarters.  It is
not clear to me at this point whether any of the subpoenas were properly served.

2.     The cases you cite do not address the issue of SBA's regulations under 13 C.F.R.
§ 102.10.  See Davis Enterprises v. EPA, 977 F.2d 1181 (3rd Cir. 1989), cert. den., 493
U.S. 1070 (1990).

3.     We are disappointed that you are unwilling to agree to any extensions of time and
we will have to consider taking action accordingly.  See In re Sealed Case, 141 F.3d 337
(D.C. Cir. 1998).

4.    While SBA has itself not been included in the e-mail list, Mr. McCoyd did forward me a copy of e-mails that set out various proposed schedules. Frankly, they are confusing. Those schedules also do not address the issues raised in Paragraph of 4 of SBA's response, as they purport to schedule SBA employees in the first part of November. Please note that Mark Mead and Thomas Morris are available on behalf of the agency on December 14th.

5.    Thank you.

6.    SBA disagrees with your analysis concerning both current and former SBA employees. I take it that you do not dispute lack of service on Mr. Sjoquist.

7.    Your estimations do not correspond to the various proposed schedules. This is still confusing.

8.    You do not dispute the issues raised in this Paragraph. Your reference to a prior answer does not address issues concerning Judge Giles' earlier decision, duties, waiver, estoppel, SBA's regulatory requirements and SBA's production of documents. SBA repeats its offer of limited depositions of Mark Mead and Tom Morris on December 14th in Washington, D.C.

9.    SBA adds to its offer of stipulations concerning authenticity the willingness to work on affidavits to meet your reasonable and legitimate needs.

10.    Thank you for recognizing SBA's reservation of rights.

11.    We continue to disagree on the issue of your firm's duties to SBA under applicable ethical rules. SBA continues to find it troubling that you continue to dodge the question of whether persons at McCarter & English working on any matters related Acorn have communicated with Mr. Davis about Acorn or related SBA issues.

12.    Thank you.

13.    As you know, under the Federal Rules, written objections to deposition subpoenas do not have the same effect as written objections to document subpoenas. SBA has the right to assert any valid fact or argument in defense against any deposition subpoenas, such as any argument based upon the Federal Rules of Civil Procedure.

14.    After reviewing facts and circumstances of this matter, SBA has made the following decision: under 13 C.F.R. § 102.10 and applicable case law, SBA is willing to make S. Mark Mead and Thomas Morris available on a limited basis under protections shielding them from undue intrusions on internal SBA matters because their potential relevance at least arguably outweighs burdens to SBA. Further, SBA disapproves compliance with subpoenas to Ruth Phillips, Mitchell Greenberg, Johnny Kitts and

William Malloy because any relevance of their testimony is outweighed by the burden, annoyance, oppression, embarrassment and expense on SBA.

This decision took into account recommendations based upon the subpoenas; the underlying complaint and docket in the underlying litigation; decisions of the Court; correspondence with McCarter & English and taking into account their arguments and SBA's arguments; SBA's prior responses, objections, productions, and correspondence concerning its production of documents and provision of testimony related to Acorn generally; as well as applicable law, rules, regulations and case law.

SBA weighed the legal factors in the context of those rules and its own regulations against the burden to SBA with respect to these subpoenas: relevance of possible testimony to the allegations in this matter; prior rulings of this Court in this matter regarding SBA; SBA's document production of all written submissions; protection of SBA's confidences and privileges; relevant regulatory provisions and requirements of submissions and approvals to be in writing; authority of the current and former SBA employees with respect to SBA's activities during the relevant time period; potential use of current and former SBA employees as experts; relevance of internal SBA discussions, thoughts and interpretations to the litigation; burden, costs and drain on SBA resources to SBA in making its employees available for depositions; burdens, costs and drain on SBA resources to SBA in having to prepare for and defend depositions of its current and former employees; willingness of SBA to attempt to resolve issues of document authenticity through stipulation and affidavit; availability of other methods or sources of discovery that are more convenient, less burdensome or less expensive, such as affidavits; actual and potential annoyance or embarrassment to current or former SBA employees in being deposed; the weighing of the burdens and expense of SBA against the likely benefits to the defendants; SBA's interests in making its current employees available for depositions in this matter; SBA's interest in having its former employees deposed in this matter; and the cumulative impact that such allowance may have on SBA and its resources.

Depositions of current and former SBA employees about their official duties necessarily implicate privileges of SBA. You have not yet stated specifically what information they seek about "alleged lack of [regulatory] compliance." However, since you have all of the official, relevant, non-privileged documents, SBA can only surmise that you seek information about SBA's internal, deliberative decision making process concerning Acorn's regulatory compliance, a licensee of SBA. Those internal matters are both privileged and irrelevant in this matter.

SBA's internal, deliberative decision making process is privileged because pre-decisional, deliberative and interpretative information and documents are protected under the deliberative process privilege. United States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993). SBA's internal, deliberative decision making process concerning Acorn and "compliance" is irrelevant in this matter because the written record already produced to you shows what written submissions were made to SBA and what prior written approvals

SBA granted, if any. Any other information about what individual current or former SBA employees could have, should have or would have done differently, or any opinions or interpretations that they could, should or would have made that are not in the written record, are all irrelevant.

SBA has offered stipulations and affidavits to address any other concerns, such as alleged conversations by SBA personnel with non-governmental persons or other Defendants in this case. Any such conversations are by definition not written submissions or written approvals, so they are largely irrelevant.

Ethical rules governing conflicts are also relevant here. Christopher Davis, Esq., an attorney currently at McCarter & English, provided professional legal services as a non-employee to SBA concerning the SBA's SBIC program during the time period relevant in this matter. To the extent that you plan to question SBA employees about SBA's policies and procedures concerning SBICs, especially with respect to licensing, those circumstances fit within Rules 1.9 and 1.10 of both the New Jersey and Pennsylvania Rules of Professional Conduct and require, among other things, screening, which McCarter & English has refused to do.

You have so far declined to inform SBA what specific testimony you are seeking or why. Which documents reflect conversations? How many are there? And so forth. It is somewhat difficult for SBA to gauge the full extent of the burden that these subpoenas pose. Therefore, SBA has made general findings about burden, while reserving the right to supplement with affidavits or other evidence if and when you disclose with specificity what testimony you are seeking and why.

SBA counsel has contacted each of the current SBA employees by e-mail and telephone. In addition to case loads of official agency work, they have pressing end of Fiscal Year 2006 matters, and beginning of Fiscal Year 2007 matters, that require extra attention. Ruth Phillips and Mitchell Greenberg are SBA Examiners. They have already scheduled examinations of SBICs, and will need to schedule additional examinations, over the next several months. Those examinations require time and travel.

Preparing for and sitting for depositions will necessarily require time away from their official duties – time that would otherwise be spent on other matters of agency interest. All have stated that they will be inconvenienced by depositions that will interfere with their official duties.

SBA counsel has also had contact with the former SBA employees Ronald Cibolski, Walter Peterson and Charles Sjoquist (by telephone only; I do not have Mr. Sjoquist's address). Each has agreed to have SBA counsel representation regarding the proposed depositions to protect SBA's interests and privileges. SBA would therefore have to expend time, effort and resources of its agency counsel in preparing for and defending depositions of these former SBA employees, as well. That would be time, effort and resources that SBA could use its counsel for other important agency matters. In addition,

4

as I told you in a recent e-mail, Mr. Peterson has informed SBA that his wife is battling cancer. Your subpoena is especially burdensome to him.

Please note that the potential cumulative burden of allowing a proliferation of depositions involving current and former SBA employees to go forward is a sound legal basis for SBA to disapprove compliance with the subpoenas and is within the scope of reasonable judgmental decisions SBA may make.

In addition, based upon the above factors and analysis, SBA decided that Messrs. Mead and Morris should be protected from questioning about: (i) matters that do not specifically concern an allegation made in the Complaint filed in this civil action; (ii) events occurring outside of the time period January 1, 1995 through January 17, 2003; (iii) information or documents other than those which SBA received from, or transmitted to, a person or persons not employed by the United States Government; (iv) events that are not within their actual, personal knowledge; (v) matters not within their respective scope of authority; (vi) matters concerning any unofficial or unpublished interpretations, discussions or thoughts about any SBA or other federal policy, practice, regulation or statute; (vii) matters concerning any internal deliberations within SBA; (h) matters that are hypothetical or call for speculation; (viii) matters involving civil or criminal law enforcement issues of the U.S. Department of Justice, any of its offices or of SBA's Office of Inspector General. SBA also reserves the right to assert any applicable privileges, based upon the questions asked and circumstances of the deposition. SBA reserves the right to supplement its request for restrictions.

SBA's decision also took into account, as a separate legal basis, the fact that the subpoenas appear to be facially defective as not in compliance with Rule 45(a)(2)(B), and in addition the subpoena to Ruth Phillips was not issued by any actual District Court.

The foregoing is made without prejudice to SBA's responses, objections and right to assert privileges. Since you have refused to grant SBA any additional time with respect to these subpoenas and have refused to agree to limitations on the scope and number of them, SBA will take appropriate action. Please do not hesitate to contact me at (202) 619-1610 with any questions.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Eric S. Benderson, Esq., Alicia Bentley, Esq., Jordan Strauss, Esq., Christopher J. McClintock, Esq. and Add'l courtesy copies by U.S. Post to Attached List

Additional copies to:

Alexander Kerr, Esq.
Lisa M. Salazar, Esq.
McCARTER & ENGLISH, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joseph M. Fioravanti, Esq.
217 North Monroe Street
P.O. Box 1826
Media, PA  19063

Stephen D. Brown, Esq.
Thomas H. Lee, II, Esq.
Patricia A. McCausland, Esq.
DECHERT, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Robert N. de Luca, Esq.
4 Wingstone Lane
Devon, PA 19333

Susan R. Becker, Esq.
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Patrick K. McCoyd, Esq.
Matthew Newcomer, Esq.
POST & SCHELL
4 Penn Center
1600 JFK Boulevard
Philadelphia, PA 19103

John B. Torkelsen, pro se
350 South River Road
Apartment A-14
New Hope, PA 18938

Leif Torkelsen, pro se
3029 Green Arbor Lane
Dublin, Ohio 43107

R. Wood Tate, pro se
237 Elm Road
Princeton, NJ 08540

Acorn Technology Partners, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Princeton Technology Management, LLC
c/o Richard Pinto, Esquire
STEVENS & LEE, P.C.
600 College Road East
Suite 4400
Princeton, NJ 08540

Christopher Rooney, Esq.
Anne Peterson, Esq.
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509

Copies via e-mail to:

William Malloy, Mark Mead, Thomas
Morris, Johnny Kitts, Ruth Phillips
Mitchell Greenberg, Ronald C. Cibolski,
Walter Peterson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, )<br>as Receiver for Acorn Technology Fund, L.P., )<br> )<br>Plaintiff, )<br> )<br> )<br> )<br> )<br>v. )<br> )<br> )<br>SMITH, STRATTON, WISE, )<br>HEHER & BRENNAN, LLP; )<br>RICHARD J. PINTO; MARSHA L. NOVICK; )<br>JOHN B. TORKELSEN; RICHARD D. PROPPER; )<br>LEIF TORKELSEN; R. WOOD TATE; )<br>CHRISTINE SWEENEY; )<br>ACORN TECHNOLOGY PARTNERS, LLC; )<br>PRINCETON TECHNOLOGY )<br>MANAGEMENT, LLC; )<br>ACORN CONNECTICUT INVESTMENTS, LP; )<br>DANIEL P. BEHARRY )<br> )<br>Defendants. ) | Misc. No. 06-471<br><br>Related Case No. 05-190<br>in the U.S. District Court for<br>the Eastern District of<br>Pennsylvania (Judge Giles)<br><br>[proposed] ORDER |

## ORDER STAYING PROCEEDINGS AND DEFERRING TO TRIAL COURT

AND NOW, this _ _ _ _ day of _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _, 2006, upon

consideration of the Motion for Stay, Protective Order and Deferral filed by the U.S.

Small Business Administration ("SBA") and the response thereto by Smith, Stratton,

Wise, Heher & Brennan, LLP, Richard Pinto and Marsha Novick (collectively, the

"Smith Stratton Defendants"), if any, it is hereby ORDERED that:

1.    SBA's Motion for Stay, Protective Order and Deferral is GRANTED.

2.    The Court hereby defers to the trial court in the underlying matter, the

U.S. District Court for the Eastern District of Pennsylvania, C.A. No. 05-190 (Judge

Giles), to resolve discovery issues concerning the subpoenas issued through this Court by counsel for the Smith Stratton Defendants to S. Mark Mead, Thomas Morris, Johnny Kitts, William Malloy, Walter Peterson and Charles Sjoquist.

3.      This proceeding is stayed until further Order of the Court.


SO ORDERED.


DATED: _____          BY: _____
                                 UNITED STATES DISTRICT COURT JUDGE

8